THARPE, tax-collector, *et al. v.* HASLAM *et al.*

Under the agreed facts and the law applicable to them, it was not error to grant an interlocutory injunction, thus preserving the status pending litigation to determine whether the lands of the plaintiffs were returnable for taxation in the one or the other of adjoining counties.

No. 1691. SEPTEMBER 7, 1920.

Injunction. Before Judge Mathews. Houston superior court. September 6, 1919.

*C. L. Shepard,* for plaintiffs in error.

*R. L. Greer, Jule Felton,* and *John B. Guerry,* contra.

FISH, C. J. J. E. Haslam and others, on June 23, 1919, brought an action to enjoin T. E. Tharpe and G. W. Winn, respectively tax-collector and sheriff of Houston county, and William A. Wright, comptroller-general of the State, to enjoin them from enforcing against petitioners and their realty State and county taxes claimed against them for the year 1918. On a preliminary hearing the judge of the superior court, on considering an agreed statement of facts, granted an interlocutory injunction. Defend-

ants Tharpe and Winn excepted. The facts agreed upon were as follows: Petitioners returned their property located in the lower fourteenth district of what was formerly Houston county, but now claimed to be Macon county, to L. P. Clark, tax-receiver for Macon county, on or about April 20, 1918; the taxes on said property have been paid for the year 1918 to W. C. Johnson, tax-collector of Macon county, Georgia, and in paying said taxes there was included a one-half of one per cent. due on said property to the State of Georgia, which said amount has been remitted to W. A. Wright, comptroller-general of the State; the property affected by the tax executions against petitioners is located in certain districts of Houston county, which has been the subject of litigation in the courts of that county; the petition for change of county lines, cutting off certain territory (covering the property against which executions are proceeding) from Houston county, in Macon county, was filed in the ordinary's office of said counties in terms of the law, and the Houston and Macon county grand juries recommended said change by two-thirds vote, and the commissioners of Macon county approved said change; before the commissioners of Houston county approved said change, in May, 1917, a petition for an injunction was filed, and a hearing on the same before Judge H. A. Mathews was had; the injunction was denied, and a supersedeas was granted, and the case was carried to the Supreme Court of this State, where the judgment of Judge Mathews was affirmed, and an order was passed on February 27, 1918, making the judgment of the Supreme Court the judgment of the superior court of Houston county, the county having jurisdiction; on February 28, the action of the grand jury of Houston county was approved by the commissioners of Houston county; the notices by the ordinary of Houston county promulgating the change were begun on March 2, 1918, and notices were regularly posted in both counties, and all proceedings were finally recorded in the office of the ordinary in both counties on or before April 20, 1918; petitioners had full notice of the pendency and result of all of these actions; all of the petitioners prior to the time of returning the property in question to the tax-receiver of Macon county had for a number of years returned such property for taxation in Houston county, and petitioners, at the time of returning the property for taxation in Macon county, knew that

the injunction case above referred to was then pending and awaiting trial before a jury in Houston superior court.

Land in this State subject to taxation must be returned by the owner to the tax-receiver of the county where the land lies (Political Code, § 1068); the tax thereon must be paid to that county (Ib. § 1078); the receiver must open his books for returns February 1, and close the same May 1, each year; and the owner of property held and subject to taxation on January 1, previously, must return the same during the period the receiver's book is required to be kept open; and within ten days after May 1 of each year the receiver must present the tax returns of the county for the current year to the county board of tax-assessors (Ib. § 1116-f), to be inspected by the board in order that all property in the county subject to taxation may be assessed and returned (Ib. § 1116-f); and the lien for taxes covers the property of taxpayers liable to tax from the time fixed by law for valuation of the same in each year until the tax is paid (Civil Code, § 3333). In view of these statutory provisions, and under the agreed statement of facts, the judge did not err in granting an interlocutory injunction the effect of which was to preserve the status pending the litigation to determine the question whether the lands of petitioners in this case are legally returnable in Houston or in Macon county.      *Judgment affirmed. All the Justices concur.*