KELLEY, receiver, *v.* COLLINS AND GLENNVILLE RAILROAD
COMPANY.

</div>

ATKINSON, J. The nature of this case will sufficiently appear from the published report when the case was before this court on a former occasion. *Kelley* v. *Collins & Glennville R. Co.,* 154 *Ga.* 698 (115 S. E. 67). One ruling was: "The first five items in the decree rendered in the equity suit had reference to the payment of particular claims. This was followed by the sixth item, which provided: 'Subject to the foregoing and the expenses of administration, all the rest and residue of the funds in the hands of the receiver and all other property and assets' of the railroad company 'not heretofore sold are hereby decreed to be paid to and be the property of' the receiver individually. *Held,* that the term, 'expenses of administration,' construed in connection with the whole decree, includes, among other things, any expense for taxes on the property in the hands of the receiver, accruing during the course of the receivership." The judgment of the trial court was reversed, and the case again came up for trial. The evidence there adduced showed that the receiver was appointed in November, 1920, and that a certain county tax fi. fa. and certain school-district fi. fas. all for the year 1920 were unsatisfied, and that the sheriff was threatening to levy them on the property of the plaintiff which had been purchased at the receiver's sale. The judge rendered a judgment ordering the de-

fendant (the receiver) to pay off the several fi. fas. above mentioned.
*Held:*

1. The taxes for 1920 accrued on January 1st, of that year (*Tharpe* v. *Haslam,* 150 *Ga.* 450, 452, 104 S. E. 215), which was prior to the receivership, and were not chargeable, under the above-quoted ruling of this court, as part of the expenses of administration as provided in the decree.
2. The judgment ordering the defendant receiver to pay the fi. fas. for taxes for the year 1920 was unauthorized by the evidence and contrary to law.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*

No. 4195. JANUARY 15, 1925.

Mandamus. Before Judge Sheppard. Tattnall superior court. January 2, 1924.

*J. V. Kelley,* for plaintiff in error.

*C. L. Cowart,* contra.