## TURNER *v.* SHUPIN *et al.*

1. Where in a decree on exceptions to an auditor's report the court taxed auditor's and receiver's fees and costs, half to be paid by plaintiff and half by defendants, and plaintiff excepted to so much of the decree as taxed him with any part of such fees and costs, the writ of error is not subject to dismissal on the ground that the plaintiff failed to assign error generally on the decree or on any definite part of it.

2 No abuse of discretion appears in the award of fees and costs.

No. 6662. August 20, 1928.

Equitable petition. Before Judge Humphries. Fulton superior court. June 6, 1928.

*H. H. Turner,* for plaintiff in error.

*Augustine Sams, Roy S. Drennan,* and *H. A. Etheridge,* contra.

GILBERT, J. The judgment of the trial court recites that conflicting demands arose to the same fund; that Turner sued Thompson, who is a defendant in error, on two certain promissory notes, and that it was shown that Thompson was indebted to Shupin; that the litigation was referred to an auditor, who found that the claim of Turner on one of his notes was a first lien on the property the sale of which later made the fund, that the debt by Thompson to Shupin was a second lien, and that the other note held by Turner was a third lien. The court upheld these findings of the auditor, and adjudged that a fee of $100 be allowed the auditor, half to be paid by Turner and half each by Thompson and Shupin; that $200 be allowed a receiver in the case, and $100 to an attorney for the receiver, to be similarly paid; and that the costs be taxed half against Turner and the other half equally against Thompson and Shupin. Turner excepted to so much of said judgment as taxed portions of said fees and costs against him. The defendants in error move to dismiss the writ of error, on the ground that such exception "fails completely to assign error generally to the final decree, . . or to assign error to any definite portion thereof."

1. The motion to dismiss is denied. The plaintiff in error can not be required to except to the entire decree, but only to such portions thereof as are adverse to him.

2.　In the award of fees to the auditor, the receiver, and his attorney, and in the assessment of costs, it has not been made to appear that the discretion of the court was abused. Civil Code (1910), §§ 5488, 5489. Compare *Hall* v. *Stulb*, 126 *Ga.* 521 (55 S. E. 172); *Keating* v. *Fuller*, 151 *Ga.* 66 (105 S. E. 844).

　　　　　*Judgment affirmed. All the Justices concur.*