WILCOX *v.* SHUPIN *et al.*

No. 6663.　February 16, 1929.

*H. H. Turner,* for plaintiff in error.

*Augustine Sams, Roy S. Drennan,* and *H. A. Etheridge,* contra.

BECK, P. J.   Wilcox, who was the owner of a judgment in favor of Turner against·Thompson, which had been declared to be a first lien upon certain property then in the hands of a receiver, against which property other parties asserted liens, became the purchaser of the property at receiver's sale made under court order in which order it was provided that the property should be sold free from liens.   Wilcox became the purchaser at the sale, and filed an application reciting the fact of the suit and the equitable petition which resulted in a seizure of the property by the receiver and the sale of

the same by the receiver and the order of the court that the property be sold free from liens, and the applicant prayed that the court permit him to credit upon the judgment which he had and which had been declared by the court to be a first lien upon the real estate bought by applicant the amount of his judgment, and that the receiver be directed to pay the applicant, immediately upon payment being made by him to the receiver, a sum equal to the amount of the judgment; that the receiver be directed to pay the taxes owing to the City of Atlanta, to the State of Georgia, and to the County of Fulton from the money in his hands before the payment of costs. The court upon the hearing "denied the application that the said Wilcox be permitted to set off the judgment which had been declared a first lien upon the property against his bid, except upon payment by Turner of the costs which had been assessed against him in the proceeding, and did also deny the application of said Wilcox that the receiver be directed to pay the taxes which were owing to the City of Atlanta, to the State of Georgia, and County of Fulton;" and to the order of the court denying the application in the respects indicated the plaintiff excepted.

In view of the ruling in the case of *Turner* v. *Shupin,* 166 *Ga.* 806 (144 S. E. 274), affirming the judgment wherein the court below had required Turner, the plaintiff in the judgment referred to above, which was subsequently sold and transferred to the plaintiff in error here, to pay a part of the costs and certain fees involved in that case, and under the ruling in the case of *Kelley* v. *Collins &c. R. Co.,* 159 *Ga.* 550 (126 S. E. 373), the judgment in the present case should be affirmed; the court below properly construing the order that the property be sold free from liens as having reference to "the liens of all persons party to the suit." But if the order of the court that the property be sold free from liens could only be construed as meaning that it should be sold free from all liens whatsoever, including the taxes that had accrued in the past, the plaintiff in error would not be entitled to a reversal of this case, in view of the fact that the court stated to counsel what his construction of the order was, and "told counsel for the purchaser that if he did not wish to take the property the court would relieve him from his bid. This was after the purchaser said that he had already purchased the judgment of Turner, and after order confirming the sale had been signed, but before the purchaser

had complied with the order;" and the purchaser "took the property after the judgment of the court."

<em>Judgment affirmed. All the Justices concur.</em>