MARTIN CONNER, plaintiff in error, *vs.* SOUTHERN EXPRESS COMPANY, defendant in error.

By the act of 18th April, 1863, express companies could effectually be sued by service of the writ on any one of the agents of the company in the county in which such suit was instituted. The act of the 23d February, 1866, to *perfect* service on express companies, provides that where its president or chief officer resides in this State, it shall be the duty of the company to post in a public or conspicuous place, at each office where it does business, the name of its president or chief officer *on* whom service *can be perfected* in this State. These acts construed together, seem to regard service on an agent in the county where suit is instituted as incomplete, imperfect, where the president or chief officer resides in Georgia and his name has been posted as directed by the latter act.

The suit here begun by service of an agent at Columbus in October, 1866, was capable of being perfected by a personal service of a copy of the original writ and process, on such president or chief officer whose name had been so posted.

The plea of the defendant below, setting forth the facts that the president or chief officer of the company resided in Augusta, Ga., and that his name had been conspicuously posted in the office of the company at Columbus, was admitted by plaintiff, without proof, to be true. The Court did right in overruling the demurrer to that plea, but his judgment "that plaintiff, by such plea, was barred and defeated in his said action," was erroneous.

A suit having been begun by service on an agent at Columbus pursuant to the act of 1863, the Court below should simply have required the plaintiff to *perfect* service on the president or chief officer of the express company, whose name had been conspicuously posted, &c., according to the act of 1866, and should have given plaintiff time for such purpose.

Case. Demurrer. Decided by Judge WORRILL. Muscogee Superior Court. May Term, 1867.

On the 23d of October, 1866, Conner brought case against the Southern Express Company, a corporation doing business and having an office in said county, for breach of its contract, as a common carrier, made in October, 1865. The defendant plead to the jurisdiction, upon the ground that its chief officer did not reside in said county but in the county of Richmond in said State and averred that it had, in accordance with the statute in such case provided, posted in a public and conspicuous place, at each of its offices, the name of its president or chief officer on whom service could be perfected.

This plea was demurred to. It was admitted in the argument below and here that the company was incorporated by the Superior Court of Richmond county, Georgia.

The Court overruled the demurrer, holding that the plea barred and defeated plaintiff's action, and Conner assigns that judgment as error.

Gen. H. L. BENNING, for plaintiff in error.

MOSES & GARRARD, for defendant in error.

HARRIS, J.

The defendant in error is a corporate body, and as such, under the general provisions of the Code, touching service on corporations, could have been sued in the county where it had an office and agent, unless in the act of incorporation a locality had been given to this legal entity, or by distinct enactment, the right of suit against it elsewhere, had been given. But the legislature, for some cause which does not appear on the face of its legislation, and which cannot be collected with any certainty, by any course of reasoning we might employ, thought proper to prescribe specially for service on express companies; thus, by the act of the 18th April, 1863, a suit against such a company, was made effectual by service of a copy of the original writ by leaving it with any agent of any express company in any county in which such suit was instituted.

The facts in this record show that the suit of Conner was instituted in the county of Muscogee, and a copy of it served on the agent of the Southern Express Company, residing in Columbus.

Had there been no other legislation on the subject of service, it is very clear that, under the act of 1863, the plaintiff had complied with the requirements of that act. The legislature, however, considering that, possibly, much injustice might be done to express companies, and large judgments obtained against them as common carriers without full and ample knowledge of the institution of suits against them for damages under the act of 1863, by allowing judgments to any amount to be rendered against such companies, upon service

upon any petty agent in their employment, enacted on the 23d February, 1866, another law, entitled "An act *to perfect* service on express companies." This act provides that where the president or chief officer of such company *resided in the State,* that it should be the duty of the company to post in a public or conspicuous place at each office where it does business, the name of the president or chief officer, *on whom service can be perfected in this State.*

We cannot think that this act repeals the act of 1863, or was so intended,—we view it as simply cumulative. Repeals of laws by implication, are not to be favored, and when, by a fair and liberal construction, they can, without torture, be made to harmonize, no Court could be justified in deciding that the last act repealed the first. These acts are construed together, and thus construed, we are impressed with the conviction that the legislature meant, substantially, to consider suits begun *by service on an agent in the county* where the suit was instituted, only as incomplete, *imperfect,* where the president or chief officer of such express company *resided in the State,* and hence the requirement in such case that his name should be posted conspicuously in the offices of the company; that service of a suit if made otherwise, as under the act of 1863, might be *perfected,* made complete and effectual by the service of such president or chief officer whose name has been so posted. Until service of suit already instituted is thus perfected, the plaintiff could not proceed to judgment.

We apprehend that, upon service on any agent of express companies in a county where suit was begun, a plaintiff would be entitled to proceed to judgment, *even if the president or chief officer resided within the State,* unless the company had previously posted the name of such president or chief officer in a public or conspicuous place in its offices. Surely, then, if a suit had been begun under the act of 1863, no more could have been intended by the act of 1866 than to require the plaintiff to *perfect* the service of his suit by causing such president or chief officer residing in the State, and whose name had been posted as required by the latter act, to be served by a copy of the original writ and

process being left with him, before allowing the suit to proceed to trial. It certainly could not have intended by requiring service to be *perfected* to compel the transfer of the suit from the county in which it had been commenced to the county of the residence of such president or chief officer whose name had been posted. To have done this, would have been not only a material alteration of the act of 1863, it would virtually have prohibited all suits against these companies except in the county of the residence in Georgia of such president or chief officer. Our respect for the law-making power, precludes the supposition that it could have meant what its enactment has not expressed, that its design was a covert, indirect repeal of the act of 1863.

To the suit begun under the act of 1863, by service on an agent of the Southern Express Company residing at Columbus, a plea was filed setting forth that the chief officer of that company resided in Augusta, Georgia, and that the name of such officer had been posted as directed by the act of 1866. The plaintiff demurred to this plea; the demurrer was overruled, and the Court held " *that the plea was sufficient in law to bar and defeat plaintiff's suit,*" begun under the act of 1863.

We cannot concur, from the views before expressed, in the judgment of the Court below, as there was a pending suit begun by service on the agent at Columbus in accordance with an unrepealed act, and whilst such service under the facts in this case was insufficient, by itself, to authorize the plaintiff to proceed to judgment; still, this imperfect service was capable of being perfected in accordance with the terms of the act of 1866—that is to say, by a personal service of a copy of the original pending suit and process on the president or chief officer whose name had been posted conspicuously in the office at Columbus.

The Judge should have sustained the plea no further than to refuse to allow plaintiff to proceed to trial *until he had perfected the service* of his suit as herein indicated, and sufficient time should have been allowed to plaintiff for such purpose.

Let the judgment below be reversed.