## McLAUGHLIN v. TAYLOR.

The lien of a mortgage held by a stranger to a suit in which a receiver is appointed to wind up the affairs of a partnership against the individual interest in real estate of one member of the partnership remains upon the property notwithstanding it has been sold by the receiver.

Submitted May 1, — Decided June 7, 1902.

Levy and claim.　　Before Judge Butt.　　Marion superior court. November 1, 1901.

*J. J. Dunham* and *Simeon Blue*, for plaintiff.
*George P. Munro*, contra.

COBB, J.　　This was a claim case in which L. C. McLaughlin was plaintiff in execution, L. F. McLaughlin defendant in execution, and J. M. Taylor claimant.　At the trial it appeared that on September 24, 1886, the defendant in execution executed a mortgage to the plaintiff in execution upon a one-fourth interest in certain described lots of land, and that this mortgage was duly recorded. At the time this mortgage was executed the defendant in execution was a member of the firm of Fort & Company, and this firm was in possession of the land described in the mortgage.　On July 15, 1890, an order was passed by the judge of the superior court in a proceeding which had been instituted by L. F. McLaughlin against Wiley Fort, for the purpose of dissolving the partnership above referred to, and having an accounting and settlement of the affairs of the same, authorizing the receiver who had been appointed to sell the assets of the firm, part of which was the land in controversy in the present case.　Under the authority of this order the receiver sold the land in controversy, and on December, 21, 1890, made a deed to the same to one Jenkins, and the claimant in the present case derives title from the purchaser at the receiver's sale. The mortgage of the plaintiff in execution was not foreclosed at the date of the receiver's sale, a judgment of foreclosure not having been obtained until the 27th day of April, 1892.　The mortgagee was not a party to the proceeding in which the receiver was appointed and the order of sale granted.　The court directed the jury to return a verdict finding the property not subject to the execution, and to this judgment the plaintiff in execution excepted.

The controlling question in this case is whether the sale by the

receiver under the order in the proceeding instituted by the defendant in execution against his copartner, for the purpose of winding up the affairs of the partnership of which they were members, divested the lien of the mortgage held by the plaintiff in execution. The plaintiff in execution was not a party to this proceeding. The receiver was appointed for the purpose of bringing before the court and disposing of the property of the parties to the litigation, and no other interest was before the court than such interest as either of the partners had in the property sold by the receiver, and the only interest in the property in controversy which was before the court was the equity of redemption. *Tarver* v. *Ellison, 57 Ga.* 54; *Roberts* v. *Hinson,* 77 *Ga.* 589 (2); *DeVaughn* v. *Byrom,* 110 *Ga.* 907 (2). An interest in the property vested in one who had a claim adverse to either of the parties to the case was not before the court, and the court had no jurisdiction to pass any order which would prejudice such adverse claim in any way in reference to the property held by the partnership or either of the partners, and apparently owned by them. The court could authorize the sale of and the receiver could sell only the interest of the parties to the proceeding in the property which was in the custody of the court. It was held by the Supreme Court of Indiana in Lorch *v.* Aultman, 75 Ind. 162, that a sale of mortgaged property by a receiver appointed in a suit between partners for the settlement of the partnership business invests the purchaser with only so much interest in the property as the firm had, and does not divest or affect the paramount mortgage lien of a stranger to the record. See also Dann Mfg. Co. *v.* Parkhurst, 125 Ind. 317; Foster *v.* Barnes, 81 Penn.. St. 377; · Beach, Receivers (Alderson's ed.), § 735; High, Receivers (3d ed.), § 191. The plaintiff in execution in the present case, the mortgagee, could not have claimed the proceeds arising at the receiver's sale, for the simple reason that the mortgage was not foreclosed at that time. The statute which authorizes a mortgagee holding an unforeclosed mortgage to consent to the sale of the entire interest when the property is levied upon by other process, and claim the proceeds of the sale in the same manner as if the mortgage had been foreclosed, does not apply to sales by receivers, the statute being restricted in its operations to sales where the equity of redemption is levied on under an execution. See Civil Code, § 2759. While the effect of the judgment rendered in

the case between the two partners was that the property in controversy was partnership property, this judgment did not bind the plaintiff in execution in the present case, for the simple reason that she was not a party to the proceeding and could not be heard on this question.　The plaintiff in execution having shown that at the date of the mortgage the defendant in execution was in possession of the property described in the mortgage, the presumption was that he was the owner of the interest described in the mortgage (see *Morris* v. *Winkles*, 88 *Ga.* 717, and cases cited), and this presumption is not overcome by proof showing title in the claimant derived through a judgment to which the defendant in execution was a party but to which the plaintiff in execution was a stranger. If the land in controversy was really a part of the assets of the firm of which the defendant in execution was a member at the time the mortgage was executed, and the plaintiff in execution had knowledge of this fact at the time the mortgage was taken, it may be that in a proper proceeding, with proper parties, a court of equity would protect the rights of the other partner or those claiming under him.　But upon the facts as they appear in the present case the property levied on was, as against the claimant, subject to the execution, and the court erred in directing the jury to find to the contrary.

*Judgment reversed.　All the Justices concurring, except Lewis, J., absent.*