## DENNY, executor, *v.* BROADWAY NATIONAL BANK.

1. Under the Civil Code, § 5172, there was no error, in view of the evidence introduced, in admitting in evidence certified copies of the deeds claimed to have been lost.
2. A receiver's sale of land does not divest the lien of a judgment obtained prior to the sale, where the plaintiff in such judgment is a stranger to the proceedings under which the receiver was appointed and the sale ordered.
3. Questions not made in the record can not be considered by this court, although argued and insisted on here.
4. The evidence authorized the finding of the judge, who tried the case without the intervention of a jury.
5. A fact which has transpired since verdict is not ground for a new trial.

Argued May 9,—Decided June 3, 1903.

Levy and claim.    Before Judge Henry.    Floyd superior court. October 2, 1902.

*M. B. Eubanks*, for plaintiff in error.

*C. N. Featherston* and *Henry Walker*, contra.

SIMMONS, C. J.    In December, 1891, the Broadway National Bank obtained a judgment against McGhee & Co.    Upon this judgment execution was issued, and, in 1896, was levied upon certain land as the property of J. F. McGhee, one of the partners of the firm of McGhee & Co.    King filed a claim to a portion of the land levied upon.    King subsequently died, and his executor was made a party in his stead. , On the trial of the case the plaintiff in fi. fa. offered in evidence certified copies of two deeds which were necessary to show title in the defendant in fi. fa.    The claimant objected on the ground that the original deeds had not been sufficiently accounted for.    The objection was overruled.    It was also shown at the trial that in 1888 McGhee had sold the land in controversy to one Holt, the latter paying one fourth of the purchase-money and giving his promissory notes for the remainder.    The record does not disclose that Holt ever took possession of the property.    It does disclose that McGhee sued Holt upon the notes given for the purchase-money, and obtained judgment thereon in January, 1892. In the same year other creditors of Holt filed an equitable petition against him, and had a receiver appointed to take charge of his effects and administer his assets for the benefit of creditors.    In 1893 the court passed an order authorizing the receiver to sell the real property of Holt, and provided in the order that, if any of the realty was held under bond for titles, the receiver should give notice to the maker and holder of the bond, and, upon the written consent of the maker, should sell the entire interest in the land, the proceeds of the sale being first applied to the payment of the amount due to such maker for the purchase-money.    The receiver sold the property here in dispute, and recited in his deed that he had obtained the written consent of McGhee to sell the entire interest. Upon the foregoing facts, the case was submitted to the judge without the intervention of a jury.    He found that the property was subject to the lien of the bank's judgment.    The claimant moved for a new trial, the motion was overruled, and he excepted.

1. Two of the grounds of the motion for new trial complained of the admission in evidence of the certified copies of the two deeds

referred to above. The movant complained that there was not sufficient evidence to show that the original deeds had been lost or destroyed, and that it was therefore error to admit the copies. McGhee, the defendant in fi. fa., testified that he had searched for the deeds and could not find them. He did not know what had become of them, although he was the grantee in each of them, but thought possibly he had given them to Holt. King being dead, it was admitted that he had on a former trial of the case testified that he had never had either of these deeds. The persons holding under King and in possession of the land testified that they had not and never had either of the deeds. Jennings, who made one of the deeds, was a non-resident. Holt, to whom McGhee said he might have given the deeds, had disappeared and had not been seen for ten or twelve years. Under this evidence we think the court did not err in admitting the certified copies. If inquiry could have been made of Holt, it is very likely he would not have had the deeds; for he had never held the land except under bond for titles and had never paid the purchase-money. It is not reasonable to suppose that McGhee would have given him the title deeds before the purchase-money was paid. Jennings, the grantor, would scarcely have kept the deed made by him or the other deed to the same land, and, besides, he was a non-resident and could not have been compelled by subpœna duces tecum to produce papers in his possession.

2. After these certified copies of the deeds were admitted, the claimant introduced the deed made to King by the receiver of Holt. This deed was, of course, admissible; but as the Broadway National Bank was not a party to any of the proceedings in the case against Holt wherein the receiver was appointed and the order of sale obtained, the bank was not bound thereby. The sale by the receiver did not and could not divest the lien of the bank's judgment. *McLaughlin* v. *Taylor*, 115 *Ga.* 671, and cases cited; Beach, Rec., 783. See Civil Code, § 4911.

3. Counsel for the plaintiff in error insisted with great earnestness that the finding of the judge was wrong, because the bank had lost the lien of its judgment, under the Civil Code, § 5355, the claimant having been in possession under the receiver's sale for more than four years. We have scanned closely the motion for new trial and the pleadings, and find that this question was not raised

thereby.    There is no ground under which the point could possibly be considered, unless it be the complaint that the verdict is contrary to the evidence.    We think that it should not be considered under that ground, as it does not appear that the point was made in the court below.    We are confirmed in this by the fact that the evidence, as it appears in the record, contains nothing which would have warranted the claimant in making this question.    There was no evidence that King was ever in such possession of the land as is contemplated by the code section cited, so as to relieve it from the lien of the judgment.

4.  It was insisted by counsel for the plaintiff in error that under the ruling in *Leitch* v. *May*, 98 *Ga.* 714, the judge erred in his finding.    We think the facts in that case and those in the present case are essentially different.    In that case Austin was shown to have no interest in the land, even before the time of the judgment, and had transferred the notes to Mrs. May and given her an escrow deed.    The entire title was out of him before Leitch & Stubbs obtained their judgment, he having no further interest save that he had indorsed the notes, which had, however, been nearly all paid, and none of which became overdue without payment.    In the present case, while McGhee testified that he had transferred the notes to other parties, the records show that he sued the notes to judgment a few days after the bank had obtained judgment against him.    He made no deed to Holt, as Austin did to Williams.    He consented to the receiver's sale and received the purchase-money for the land, but under the law the lien of the bank's judgment had attached from the time of the record on the execution docket (which was prior to the receiver's sale) upon all the property of McGhee. This lien was never divested.    The bank not being a party to the equitable proceedings or to the receiver's sale, that sale did not divest its lien.    The evidence and law warranted the finding of the judge, and there was no error in refusing a new trial.

5.    It appears from one of the grounds of the motion that, under proceedings instituted after the judgment below, McGhee has been adjudged a bankrupt.    The movant asked that the verdict be set aside for this reason.    This ground is not based upon newly discovered evidence, but upon events which have transpired since the trial; and we are not aware of any law or practice which entitles a losing party to insist on a new trial because of some new fact

which has come into existence since the verdict and judgment. The court properly refused to consider this ground of the motion.

*Judgment affirmed.　By five Justices.*