## TAYLOR *v.* McLAUGHLIN.

1. The motion to dismiss the writ of error, based on the grounds that a brief of the evidence was not incorporated in the bill of exceptions or attached thereto, and that the bill of exceptions contains no specific assignment of error, is without merit.
2. Where exception is sought to be taken to the refusal of a trial judge to allow an equitable amendment to a claim, the proffered amendment should be set forth, either literally or in substance, in the bill of exceptions, or attached thereto as an exhibit; for it forms no part of the record in the case, and this court can not consider what purports to be a copy of it embraced in the transcript of the record sent up by the clerk of the court below.
3. In view of the decision rendered in this case when before this court on a former occasion, the trial judge did not, under the facts appearing in the record, err in directing a verdict in favor of the plaintiff below.

Argued June 17,—Decided July 14, 1904.

Levy and claim.   Before Judge Littlejohn.   Marion superior court.   October 27, 1903.

*George P. Munro,* for plaintiff in error.

*F. J. Dunham* and *J. H. Lumpkin,* contra.

Evans, J.   A mortgage fi. fa. in favor of L. C. McLaughlin against L. F. McLaughlin was levied upon an undivided one-fourth interest in certain lots of land, to which levy J. M. Taylor interposed a claim.   On the trial the claimant offered an equitable plea, to which the plaintiff in fi. fa. demurred, and the court sustained the demurrer.   The case then proceeded to trial and the plaintiff introduced a deed from M. B. McCrary to W. Fort & Company, dated September 26, 1883, covering the land levied on. It was admitted that McCrary had title to the land at the time of this conveyance.   The plaintiff also introduced the mortgage and the fi. fa. issued upon the foreclosure thereof, which mortgage was

dated September 24, 1886, and was upon a one-fourth undivided interest in the land levied on. The defendant in fi. fa. testified in behalf of the plaintiff, as follows: In 1886 Wiley Fort and he were partners, doing business under the firm name of W. Fort & Company and engaged in the distilling of turpentine. In order to carry on the business, the firm purchased tracts of pine land, including the tract in controversy. At the time of its purchase it was timbered, and the firm extracted from the pine trees thereon the crude gum, and manufactured the same into turpentine and rosin. At the time the mortgage was given, Fort & Company were in possession of the land, Fort owning a three-fourths and the witness a one-fourth interest therein. The mortgagee was the daughter of the witness, and the debt secured by the mortgage was one which he owed her as her interest in her mother's estate. For the claimant, Fort testified to the following effect: The firm of Fort & Company was in possession of the land from the time of its purchase in 1883 until it was sold at receiver's sale in 1890. The land was purchased for the purpose of carrying on the distillery business. At the time the receiver was appointed in 1889 to wind up the firm's business, L. F. McLaughlin had withdrawn from the business more than his interest, and at the time of the execution of the mortgage to his daughter the firm was still in possession of the land, though it had ceased working the timber for partnership purposes. There was some farming done on the land and some timber left on it after the firm had finished working it for turpentine purposes. Claimant introduced the following documentary evidence : (1) A bill for account and settlement, filed August 16, 1889, in Marion superior court, by L. F. McLaughlin against Wiley Fort, asking for a dissolution of the partnership of Fort & Company; (2) order of the court appointing W. Fort receiver for the firm assets ; (3) order of court, dated July 15, 1890, directing the receiver to sell the lands of the partnership, including the land in controversy ; (4) the decree rendered in the action for account and settlement, dated April 27, 1892, showing that L. F. McLaughlin's interest in the firm of Fort & Company after its assets were converted into cash was $834.08 ; that he had received from the firm $1,259.33, and was due his partner, W. Fort, the sum of $425.00, for which amount judgment was rendered in favor of the latter ; (5) a deed from the receiver,

dated December 2, 1890, to S. C. Jenkins, covering the land in dispute and containing the proper recitals as to the authority of the receiver to sell. It was admitted by the plaintiff that the claimant, J. M. Taylor, held paper title to the land under grantees who derived title from the receiver. At the conclusion of the evidence the court directed a verdict finding the property subject. Thereupon Taylor sued out a bill of exceptions in which he assigned error on the direction of the verdict against him.

1. Counsel for McLaughlin moved to dismiss the writ of error, upon the grounds, (1) that there was not incorporated in the bill of exceptions, or attached thereto and properly identified, a brief of the evidence; and (2) that the bill of exceptions contained no specific assignment of error. Prior to the act of 1889 (the provisions of which are now embraced in the Civil Code, §§ 5528, 5529), in cases where no motion for a new trial was made, a brief of the oral and a copy of the written evidence were required to be incorporated in the bill of exceptions, or attached thereto as an exhibit, when the bill of exceptions was presented to the judge for his certificate; and a failure to comply with the requirements of the law in this respect was a ground for dismissal of the writ of error. Since the passage of that act, however, it has been optional with a plaintiff in error whether he will embody in the bill of exceptions or attach thereto a brief of the evidence, or have a brief of the evidence approved by the judge and made a part of the record, to be sent up by the clerk as such. *Partridge* v. *Hollinshead*, 105 *Ga.* 278, 283. In the present case, the plaintiff in error pursued the latter method and presented for approval a brief of the evidence, which was approved by the judge and filed before the signing of the bill of exceptions. The first ground of the motion to dismiss can not, therefore, be sustained. Nor is. there any merit in the ground in which the point is raised as to the legal sufficiency of the assignment that the court erred in directing a verdict. *Phillips* v. *Railway Co.*, 112 *Ga.* 197.

2. Complaint is made that the court erred in sustaining a demurrer to the equitable plea offered by the claimant in support of his claim. There appears in the transcript of the record before us a paper which purports to be a copy of an equitable plea by the claimant, and which has upon it the following entries: "Plaintiff having demurred to the above plea, it is ordered by the court

that the same be stricken." (Signed by the judge.) "We agree that the foregoing is substantially a correct copy of the amendment offered by the claimant in the trial of the above-stated case at the October, 1903, term of Marion superior court. This Nov. 28th, 1903." (Signed by the attorneys for the plaintiff in fi. fa.) "Filed in office this Dec. 25, 1903. [Signed] Chas. W. Lowe, Clerk S. C." The proffered amendment is not set out, either literally or in substance, in the bill of exceptions. Where exception is sought to be taken to the refusal of the court to allow such an amendment, it should be set forth, literally or in substance, in the bill of exceptions or attached thereto as an exhibit. An amendment which is offered but which the court declines to allow filed does not become a part of the record in the case, and this court can not consider what purports to be a copy of it appearing in the transcript of the record. *Walker* v. *Equitable Mortgage Co.*, 114 *Ga.* 862 (7). The paper contained in the transcript, purporting to be the amendment refused by the court, was not marked filed until fourteen days after the date of the certificate of the judge to the bill of exceptions. There is nothing in the bill of exceptions to indicate that this paper was ever filed before the date of the entries on the back of it, or that the court ever sanctioned the filing of the same. It is certainly too late to file a pleading after the trial court has certified a bill of exceptions. For the reasons above stated, we can not undertake to decide whether the court did or did not err in refusing to allow the proffered amendment.

3. At common law the title to real property conveyed to a partnership vested in the several members of the firm as tenants in common, each of whom could convey or mortgage his undivided interest; and this doctrine of the common law was declared to be the law of this State in *Jackson* v. *Stanford*, 19 *Ga.* 14. In equity, real estate belonging to a partnership is sometimes treated as a part of the partnership's assets and as personal estate. This is not an arbitrary rule declaring that in all cases the title to property conveyed to a partnership is in the firm and not in the individuals composing it. This equitable rule grew out of the peculiar nature of the partnership relation, and was designed to give substantial justice between the partners themselves and between the individual and the firm creditors of the partners, in the adjustment of the partnership affairs. *Black* v.

*Black,* 15 *Ga.* 445.　　Thus, in *Ferris* v. *Van Ingen,* 110 *Ga.* 102, the court, speaking through the Chief Justice, said: " We believe the law to be that whenever a firm purchases real estate in the firm name, with partnership funds, for partnership purposes, it does become partnership property." In the adjustment of the partnership relations, the real estate of the partnership thus acquired is to be treated as in the nature of personal estate, just as the other property of the partnership. The partnership creditors have a superior claim to the creditors of the individual partners for the application of partnership realty to the payment of debts owing by the firm.　*First Nat. Bank* v. *Cody,* 93 *Ga.* 127.　Still, the individual partner may mortgage his undivided interest in the realty to secure his individual debt, subject to the superior claims of the partnership. In *Sutlive* v. *Jones,* 61 *Ga.* 676, it was held that notwithstanding the land might be partnership property, this did not interfere with the rule that the members of the firm are tenants in common and that each member of the firm, for a debt of the partnership, can encumber his individual interest.　See also *Printup* v. *Turner,* 65 *Ga.* 71.　Not only can the individual member encumber his undivided interest to secure a partnership debt, but he may also encumber such interest to secure his individual debt, subject, however, to the superior claim of the partnership creditors to be first paid.　*Shaw* v. *McDonald,* 21 *Ga.* 395; *Baker* v. *City Nat. Bank,* 94 *Ga.* 87; *Dickerson* v. *Moore,* 117 *Ga.* 887.　It appears in the case at bar that McLaughlin executed a mortgage on his one-fourth undivided interest in certain lands which had been purchased by the partnership of Fort & Company, to secure his individual creditor.　The lands had been bought by the partnership in order that it might use the pine trees thereon in supplying crude gum to be manufactured into turpentine and rosin. The business of that firm was operating a turpentine distillery. At the time McLaughlin executed the mortgage on his undivided interest, the timber on the land had been "worked" for turpentine, and the land was given over to agriculture, though there was yet some sawmill timber standing on it.　It was three years after the mortgage was given by McLaughlin to his daughter before he filed his suit to dissolve the partnership and dispose of the assets. It does not appear from the record what was the financial condi-

tion of the partnership when McLaughlin gave the mortgage. If the partnership was solvent at that time and the land included in the mortgage was no longer used in the prosecution of the partnership business, there could be no legal obstacle to one of the partners encumbering his undivided interest to secure his individual debt. The record is not essentially different from the case when it was here before. See 115 *Ga.* 671. It was then held that "the court could authorize the sale of and the receiver could sell only the interest of the parties to the proceeding in the property which was in the custody of the court." McLaughlin's interest at the time of the receiver's sale was encumbered by a mortgage which was duly recorded, and the purchaser from the receiver bought subject to it.

<div align="center">

*Judgment affirmed.   All the Justices concur.*