ANDERSON *v.* BURSON *et al.*

No. 7864.   FEBRUARY 28, 1931.

*Smith & Millican,* for plaintiff.
*Boykin & Boykin,* for defendants.

ATKINSON, J.   This case arose from the levy of a mortgage fi. fa. on a house and lot.   W. D. A. Anderson was the plaintiff in fi. fa., and Willis G. Brown was the defendant.   G. W. Burson et al. filed a claim to this property, and an equitable amendment in aid of the claim, alleging that the property levied upon was theirs by virtue of a certain contract hereinafter set out.   In 1921 the Merchants & Planters Bank of Bowdon failed.   W. D. A. Anderson and his wife owned 52 shares of stock in the bank.   Willis G. Brown, his brother-in-law, was cashier of the bank and a stockholder and

director. The superintendent of banks, having taken charge, determined on an assessment of 100 per cent. against the stockholders of the bank. Upon stipulation that the stockholders would pay a voluntary assessment of 50 per cent., the superintendent agreed to permit the bank to reopen, which was done in March, 1922. In the next July it became apparent that the bank could not remain open without new money. W. D. A. Anderson came to Bowdon to investigate the situation. It appeared that the bank must close unless action was taken to relieve the situation. It was sought to merge this bank with the Georgia State Bank, but to do this it was necessary that the indebtedness of Willis G. Brown to the Merchants & Planters Bank be paid. In order to raise the funds necessary to pay that indebtedness it was agreed by Burson et al., Willis G. Brown, and W. D. A. Anderson that Burson et al. would advance $11,043.38 to pay off the indebtedness due to the Merchants & Planters Bank by Brown, who was insolvent. Brown had an equity in what was known as the Stephenson farm, consisting of 136 acres, and on which he owed $5,000, which had already been placed in judgment at that time. Brown owned a house and lot in Bowdon (the property levied on and in dispute), on which Anderson held a mortgage of approximately $4,000. The contract constituting the basis of the equitable amendment in aid of the claim was as follows:

"State of Georgia, County of Carroll. This agreement made and entered into this the nineteenth day of September, 1922, between G. W. Burson, H. J. Reaves, J. H. Barr, and W. L. Brooks, of Bowdon, Ga., parties of the first part, and Willis G. Brown of Carrollton, Ga., party of the second part, and W. D. A. Anderson of Lexington, Va., party of the third part, witnesseth as follows: That the parties of the first part hereby agree:

"1. To pay Merchants and Planters Bank of Bowdon, Ga., principal and interest of $11,043.38 mortgage on or before October 1st, 1922, and to secure transfer and assignment therefor.

"2. To accept payment of interest and curtail of principal at any time.

"3. That all net revenues from parties pledged to be applied first to payment of taxes, insurance, all necessary repairs and maintenance, and then to the payment of interest on the liens on the said properties.

"4. To carry the principal and interest on said $11,043.38 mortgage for five years at 7 per cent. per annum, from October 1st, 1922.

"5. That any deficit in net income available for payment of interest charges on any interest payment date be carried over with interest at 7 per cent. per annum.

"6. That said liens so taken over by parties of the first part be subject to and junior to the mortgage or mortgages on the Stephenson farm, not to exceed $6,000.00, obtained by extension of existing mortgage note to the State Mutual Life Insurance Company of Rome, Ga., or by the negotiation of new mortgages from time to time.

"7. Parties of the first part to use their best efforts to place said first mortgage or mortgages on the said property, and to furnish the party of the second part such sums, not to exceed six hundred dollars, as may be needed to meet the charges therefor, and to receive therefor notes of the party of the second part.

"8. That security for loans to party of the second part be: First, existing second mortgage on Stephenson farm, subject to present or future prior liens not exceeding $6,000.00. Second, mortgage on Willis G. Brown's home place in Bowdon, Ga., to take precedence over existing mortgage note of W. D. A. Anderson on said property.

"9. Party of the second part to execute additional mortgages on Stephenson farm and home place in Bowdon as security for the loans covering accrued interest and other charges, and additional security for the said $11,043.38 mortgage.

"10. The party of the second part is to retain title to and his interest in the properties pledged by him as security for the aforesaid loans.

"11. That the said party of the third part hereby agrees to release in favor of the parties of the first part, and in favor of them alone, his prior lien on the lot and improvements in the Town of Bowdon, Ga., said lot fronting ninety feet on Wedowee Street, between the properties of W. A. Stephenson and W. T. Beck, and secured by the mortgage note for $4,000.00 executed by said Willis G. Brown on the 20th day of November, 1920, and recorded in deed book 23, folio 341, in the clerk's office of the superior court of Carroll County, Georgia, said release of prior claim of the four-thousand-dollar mortgage to be executed only after the extension

of the existing mortgage, or execution of a first mortgage on the Stephenson farm owned by the said Willis G. Brown, for an amount sufficient to discharge all liens and charges prior to the said second mortgage for $11,043.38; said extension of first mortgage, or new first mortgage, to run for not less than three years from the first day of October, 1922.

"12. The said party of the second part agrees to execute in favor of the party of the third part a mortgage note on the Stephenson farm, further protecting the said loan of four thousand dollars made by the party of the third part to the party of the second part.

"13. It is understood and agreed that the party of the third part is not to relinquish his prior lien to the Willis G. Brown home place until the parties of the first part have executed and have all mortgages, transfers, and extensions duly recorded in the clerk of court's office."

After hearing the evidence the court held that there was a substantial compliance with the contract by the claimants, and directed a verdict in their favor. The plaintiff excepted.

■ The motion to dismiss the writ of error is overruled.

■ It is apparent that the defendants in error complied substantially with all of the conditions of the contract, omitting paragraph 13. By paragraph 6 it was provided that Burson et al. should obtain an extension of the existing note of the State Mutual Life Insurance Company, secured by mortgage, or by the negotiation of new mortgages from time to time. The State Mutual Life Insurance Company refused to extend the note of Brown, but agreed to accept a mortgage from defendants in error on the same property, and therefore the State Mutual Life Insurance Company foreclosed its mortgage as against Brown, and the Stephenson farm became the property of defendants in error, who executed a bond for title to Brown, preserving all of the rights promised to him in the contract. This was a substantial compliance with paragraph 6, and apparently was the only way in which it could be effectuated, and the amount of the mortgage did not exceed the $6,000. Therefore no complaint can be made regarding paragraph 6 of the contract. But Anderson claimed technically that the provisions of paragraph 13 were not carried out, in that the third mortgage was not executed to him and recorded. Several of the witnesses testified that Anderson left the State im-

mediately after the execution of the contract, and constituted Brown, his brother-in-law, his agent to look after the consummation of the contract; and that the third mortgage to Anderson was executed and was handed to Brown, who said that he was on his way to the office of the clerk of the superior court, and would have it recorded. Anderson testified that he never constituted Brown his agent. Brown testified that he never did execute the third mortgage to Anderson. This would constitute an issue of fact, if it were material. The evidence discloses that the third mortgage on the Stephenson farm was of doubtful value. It appears that the defendants in error paid out for and in behalf of Brown to the Merchants & Planters Bank the $11,043.38, that they substantially performed all of the other conditions of the contract, and that Anderson left the State and approximately for seven years paid no attention to the matters involved in the contract. He then had his first mortgage foreclosed, claiming that it was not subordinated to the second mortgage, by reason of the failure to comply with the condition contained in paragraph 13 of the contract. At the hearing the defendants in error, having bought the Stephenson farm under foreclosure of the State Mutual Life Insurance Company of Rome, tendered a security deed to Anderson, which was the equivalent of a third mortgage on the Stephenson farm, for which Anderson had contracted. This deed had been duly recorded. It appears without dispute that there was no change in the condition of the Stephenson farm, and in no wise was Anderson prejudiced by any delay in the execution to him of the third mortgage; and therefore the court held that since Anderson was in no wise prejudiced, and his third mortgage on the Stephenson farm was given him, and no demand of any sort had been made by Anderson for the third mortgage during the seven years, there was a substantial compliance with the contract in that regard, and the defendants in error were entitled to have the mortgage of Anderson subordinated to the interest of the defendants in error in the Stephenson farm. Under these circumstancs we hold that there was a substantial compliance by the defendants in error with the contract. Anderson permitted the money to be expended, amounting to thousands of dollars, by the defendants in error, for the benefit of his brother-in-law, and for the bank in which both Anderson and Brown were interested. He permitted the defendants in error to

perform all the work necessary for the execution of this contract, involving time, labor, and expense, and during seven years did not demand the third mortgage which was of doubtful value. Then when he undertook to foreclose his mortgage as the first mortgage on the Bowdon lot, he was tendered a security which was the equivalent of that contracted for, to wit, the third mortgage on the Stephenson farm. We hold the conduct of Anderson in the premises amounted to a waiver (if not an estoppel) of the exact time within which the third mortgage should be afforded him.

■ Brown had an equitable interest in the house and lot in Bowdon, and also in the Stephenson farm. He was not a party to the litigation; nevertheless the court in the decree ordered a receiver to be appointed, and ordered a sale of all the property, including the house and lot in Bowdon and the Stephenson farm. The verdict did not deal with this question, but it was made the subject of the court's decree. The court had no power to make this decree when Brown, who was a person vitally interested, was not a party; and therefore we affirm the judgment, with direction that the decree be modified in so far as it affects the interest of Brown in the house and lot in Bowdon and in the Stephenson farm, so as to prevent the sale of Brown's interest in that property by the receiver.

■ During the course of the trial it was sought by the plaintiff in fi. fa. to obtain an accounting as to the rents and profits of the property involved in this litigation. He excepted to the court's refusal to allow this. It is doubtful whether the plaintiff is in a position to make this exception, for the reason that the record discloses an apparent acquiescence by him in an abandonment of this accounting, on the statement of the court that if the matters were insisted on he would appoint an auditor. However, it appears that in a litigation regarding the rents and profits of this land between Anderson and defendants in error, the matter was adjudicated in behalf of the defendants in error, and therefore it was unnecessary to have this matter submitted to the jury.

■ The plaintiff excepted to the overruling of the demurrers to the answer of defendants in error. It is unnecessary to deal with each one of them, and there was no error in overruling them. The exceptions to the admission and rejection of evidence were immaterial, in view of the foregoing opinion.

*Judgment affirmed, with direction. All the Justices concur.*

RUSSELL, C. J., GILBERT, J., and HINES, J., concur in the judgment.