HEWELL v. SMITH.

No. 8930.   November 17, 1932.

*W. A. Slaton,* for plaintiff.   *C. E. Sutton,* for defendant.

Bell, J.   Kettle Creek Drainage District of Wilkes County was created and made a body corporate according to statute, and issued bonds in the sum of $40,000, which were duly validated.   Municipal Securites Corporation of Chicago became the holder of some of these bonds; and on the petition of this company the superior court of Wilkes County appointed a receiver for the district corporation. The judgment appointing the receiver was reversed by this court. 161 *Ga.* 634 (131 S. E. 495).   The petition of the securities corporation was thereafter amended, and on the amended petition the court again appointed a receiver.   To this judgment no exception was taken.   The receiver sought and obtained an order for sale of all of the lands situated within the area of the drainage district, and advertised and sold the lands accordingly.   A. A. Smith was the purchaser at this sale, and a deed was executed to him by the receiver.   The drainage district included, and the receiver's deed purported to convey, among other lands, a tract of 13-3/4 acres more or less, belonging to B. H. Hewell.   The present case arose upon a petition brought by Hewell against the receiver and A. A. Smith, the grantee in the receiver's deed, to cancel this deed so far as it applied to the plaintiff's tract, and to enjoin certain acts of ownership by the defendant Smith.   The contest was between Hewell and Smith, and only these two will be spoken of as parties. In this suit the plaintiff alleged, among other things, that so far as he was concerned the receiver's deed was void and of no effect, for the following reasons:   (1) because the plaintiff Hewell was never made a party to the suit for the appointment of a receiver, nor to any of the proceedings in that case; (2) because the description of the land sold by the receiver was insufficient to identify the plaintiff's property so that the same could be located and possession given to

the purchaser. In passing upon a demurrer filed by the defendant Smith, the court overruled the grounds of general demurrer, but sustained grounds 10 and 12 of the special demurrer, and thereby eliminated the allegations (paragraphs 14 and 17 of the petition) as to the acts of ownership by the defendant, which the plaintiff sought to have enjoined.

At the close of the evidence upon the trial, the court directed a verdict in favor of the defendant, and the plaintiff's motion for a new trial was overruled. The plaintiff then brought the case to this court, excepting to the judgment sustaining the special demurrers and to the judgment refusing a new trial. The motion for a new trial contains only the general grounds, and there is no exception to the ruling by which the verdict was directed, the attorneys having agreed that only questions of law were involved. It is contended by the plaintiff that the court erred in sustaining the special demurrers to the petition; and also that the verdict was unauthorized, because the evidence showed without dispute that the receiver's deed was invalid, for the two reasons alleged in the petition as indicated above, and for the additional reasons that (3) there was no sufficient description of the entire body of lands contained in the drainage district; and (4) that in the assessment roll or duplicate in which the several tracts were assessed for the cost of the improvement there was no sufficient description of the tract belonging to the plaintiff, or of any of the other parcels of land included in the district.

1. In the case of McVey v. McWilliams, 157 Ga. 220 (121 S. E. 641), it was held that a court of equity may appoint a receiver to make a sale of lands in a drainage district under certain conditions. In that case the landowners were made parties defendant in the suit for the receivership. In the present case it appeared that the petition for a receiver was brought only against the tax-collector, the sheriff, and the commissioners of the drainage district. The property owners were not parties to any of the receivership proceedings. According to the statutes having reference to such matters, assessments made for drainage improvements do not convey title, but merely create liens upon the property. The lands continue to be the property of the individual owners, and no title is vested in the drainage corporation by the creation of the district. The assessment is to be collected in the same manner and by the same officers

as State and county taxes are collected. It is provided that the holders of bonds in default may have a right of action against the drainage district or the board of drainage commissioners, wherein the court may issue a writ of mandamus directing the levy of a tax or special assessment and the collection of the same as provided by law, and such other remedies as may be authorized by law are vested in the holder or holders of such bonds in default. Park's Code of 1914, § 439 (ii), Ga. L. 1911, p. 108, sec. 34; Ga. L. 1925, p. 179. There is no statute, however, which provides for the sale of the lands of a drainage district by a receiver, and such a sale can be had only upon equitable principles and by the application of an extraordinary equitable remedy. It involves a radical departure from the statutory procedure, and the ordinary powers conferred by law upon drainage commissioners do not include authority to represent the property owners in such a cause, and the commissioners do not take the place of the owners of the property as the parties to be affected thereby. As stated above, the title to the real estate remains in the individual owners upon the creation of the drainage district, and in order to divest such title the machinery of the statute must be employed, or an appropriate proceeding must be had in which the owners are made parties. A proceeding which seeks to dispose of the lands situated in a drainage district by the appointment of a receiver and a receiver's sale, no matter upon what allegations, is wholly void as to any property owner who is not made a party thereto and afforded an opportunity to be heard. "The court could authorize the sale of and the receiver could sell only the interest of the parties to the proceeding in the property which was in the custody of the court." *McLaughlin* v. *Taylor*, 115 *Ga.* 671, 672 (42 S. E. 30); *Taylor* v. *McLaughlin,* 120 *Ga.* 703 (3) (48 S. E. 203); *Anderson* v. *Burson,* 172 *Ga.* 448 (3) (157 S. E. 632).

The plaintiff having alleged that he was not a party to any of the receivership proceedings, and it thus appearing by the averments that the plaintiff's title was not affected by the receiver's deed, the petition not only stated a cause of action for cancellation, as was rightly held by the trial judge when he overruled the general demurrer, but the petition also stated sufficient ground for enjoining the defendant against the commission of alleged acts of ownership which interfered with the plaintiff's right as owner of the property in question. It was therefore error to sustain the special demurrers

attacking the allegations·as to such acts.  In conformity with the allegations of the petition, the evidence showed without dispute that the plaintiff was not ,a party to the suit for the appointment of a receiver, or to any proceeding in that cause.  For this reason the plaintiff was entitled to cancellation and injunction as prayed for, and the verdict for the defendant as directed was unauthorized.  The court erred in refusing a new trial.  See *John Hancock Mutual Life Insurance Co.* v. *Williams,* 172 *Ga.* 421 (157 S. E. 494) ; *McEntire* v. *John Hancock Mutual Life Insurance Co.,* 174 *Ga.* 158 (162 S. E. 134).

It is unnecessary to pass upon other questions raised.

*Judgment reversed.  All the Justices concur.*