31262. AZAR *v.* THE STATE.

DECIDED SEPTEMBER 28, 1946. REHEARING DENIED DECEMBER 11, 1946.

*Howard, Camp & Tiller,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, Paul Webb, D. T. Pye,* contra.

MacIntyre, J. ■ F. G. Azar excepted to the judgment of Fulton Superior Court overruling his motion for a new trial upon general and special grounds, after conviction of involuntary manslaughter in the commission of an unlawful act, under an indictment which charged him with that offense and which alleged that, without any intention to do so, he had killed Helen Shields and C. S. Brownlow, while engaged in unlawfully driving the accused's automobile at a greater rate of speed than fifty-five miles per hour, and while operating his automobile along the highway around a curve and failing to reduce his speed and to keep his automobile as far to the right of the highway as was reasonably possible. The evidence for the State authorized a finding that the defendant was operating his automobile along the public highway in question at a rate of speed considerably greater than fifty-five miles per hour; that he was rounding a curve in the highway and failed to reduce his speed and failed to keep his automobile as far to the right on said highway as was reasonably possible; and that a collision occurred as a result thereof, causing the deaths of said persons. The jury were further authorized to find that, by reason of the high rate of speed and a failure to reduce the same on the curve, the defendant's automobile got out of control and was propelled to the left of the four-lane highway and into the line of traffic traveling in the opposite direction. The defendant contended that the collision and deaths were the result of accident, unmixed with culpable neglect on his part, and caused by the blow-out of a tire on his automobile. However, the evidence for the State authorized a finding that either there was no blow-out of a tire, or that any such blow-out occurred as a result of the defendant's unlawful driving in the particulars stated, and only after the defendant's automobile, by reason of said unlawful driving, had been propelled over and across the island or abutment in the highway dividing the four lane traffic, two lines of traffic on either side of the abutment. Under conflicting evidence, the jury were authorized to find the defendant guilty of involuntary manslaughter in the commission of an unlawful act.

■ The court charged the jury in part: "I charge you that, under a statute of this State which deals with reckless driving and

in regard to speed in passing automobiles, it reads as follows: All passenger motor vehicles operated on the public streets and highways of this State and having pneumatic tires are authorized to operate at a speed up to but not exceeding fifty-five miles an hour, and the violation of that is a misdemeanor. [The law further provides that an operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible, and one who is found guilty of a violation of this shall be punished as for a misdemeanor.]" The defendant contends that the part of the charge enclosed in brackets was erroneously given, in that: "The act of the General Assembly approved March 24, 1939, regulating the speed of motor vehicles on the public streets and highways of the State of Georgia was in full force and effect at the time of the commission of the alleged offense for which the defendant in this case was being tried and at the time said indictment was returned against him and said trial was held, and movant contends that said act of 1939 contains no provision requiring the operator of any motor vehicle to reduce the speed of said vehicle in rounding curves or to keep said vehicle as far to the right on the highway as reasonably possible, and movant further contends in this connection that said act of March 24, 1939, expressly provides that the provisions as to the speed of motor vehicles contained in said act shall supersede and stand in lieu of all other Georgia legislation in respect to speed of motor vehicles upon the public streets and highways of this State, and that all laws and parts of laws in conflict with said act are repealed."

The acts of 1939 (Ga. L. 1939, p. 296, § 2 (a), as to restrictions regarding speed states: "No person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic, and common use of such street or highway, or so as to endanger life or limbs, or property in any respect whatsoever." It is further provided in subdivision (b) of the same section: "Subject to the foregoing limitations, operators of motor vehicles upon the public streets and highways of this State are authorized to operate them up to but not exceeding the speed limits provided in the following classified tabulation;" and the automobile in question comes under the classification which is authorized to operate at a speed up to but not

exceeding 55 miles per hour. Section 10 of the same act provides: "Be it further enacted by virtue of the authority aforesaid that the foregoing provisions as to speed shall supersede and stand in lieu of all other Georgia legislation in respect to speed of motor vehicles upon the public streets and highways of this State, and that all laws and parts of laws in conflict with this act be and the same are hereby repealed." In Boyd v. Huntington, 215 Cal. 473 (11 Pac. 2d, 383) it is stated: "Every new statute should be construed in connection with those already existing in relation to the same subject-matter, and all should be made to harmonize and stand together if that can be done by any fair and reasonable interpretation." In 1 Sutherland Stat. Cons. (3 Ed.), p. 470 (4), it is stated: "Where the repealing effect of a statute is doubtful, the statute is to be strictly construed to effectuate its consistent operation with previous legislation." See Erwin v. Moore, 15 Ga. 361 (2); Montgomery v. Board of Education of Richmond County, 74 Ga. 41, 42 (b), 47; Sims v. State, 7 Ga. App. 852 (1) (68 S. E. 493); Adcock v. State, 60 Ga. App. 207 (3 S. E. 2d, 597); Conner v. Southern Express Co., 37 Ga. 397, 399; National Bank of Augusta v. Augusta Cotton & Compress Co., 104 Ga. 403, 409 (3) (30 S. E. 888).

The Code, § 68-303, headed, "Traffic regulations," provides that, "Every person operating a vehicle upon the highways shall observe the following traffic rules and regulations," and provides in subsection (e) that, "An operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible." The Code of 1933 was adopted by the legislature and made of force as the Code of Georgia. Section 68-303 (e) of that Code was codified from the statute enacted in 1927. It seems to us that such section is not in conflict with the statute passed in 1939, which authorized a person to operate a vehicle of the type in question at a speed up to but not exceeding 55 miles per hour, and expressly states that it is subject to the limitation that, "No person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic, and common use of such street or highway, or so as to endanger life or limbs, or property in any respect whatsoever." A curve is a condition *existing*

on the highway within the meaning of the statute adopted in 1939, and subsection (e) of the Code, § 68-303, that "An operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible," is but a statutory regulation descriptive of the particular regulation required to be observed by the operators of automobiles on public highways in rounding a curve, and a refusal to observe such traffic regulation is punishable as for a misdemeanor. Therefore such traffic regulation is excepted from and is not within the range of the repeals under § 10 of the act of 1939. The special grounds of the motion for a new trial are not meritorious, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*