32316. JONES, Tax Collector, *v.* STATON.

Decided March 12, 1949.  Rehearing denied March 29, 1949.

*Leonard Farkas,* for plaintiff in error.

*Malone & Peacock,* contra.

GARDNER, J. ■ It will be observed that the tax fi. fas. were for taxes for the years 1941, 1942, 1943, and 1944 against Motor Sales and Service, the trade name of S. R. Bolton. It will be observed further that in October, 1942, a receivership proceeding entitled Herald Publishing Company et al. v. S. R. Bolton was instituted. The business, by order of the court, was to be conducted as a going concern until further order. Thereafter, in 1945, the personal property in the hands of the receiver was sold to the claimant for $9000, free of liens. This sale was had pursuant to an act of March 24, 1939 (Ga. L. 1939, p. 344 et seq., Code, Ann. Supp., § 37-410). The sale was had by virtue of a bar order set out above. The controlling question before us here is whether or not the bar order issued by the court pursuant to the act of 1939, under the facts of the case, is sufficient as a matter of law to preclude the tax collector from proceeding

against the property sold by the receiver to the claimant free of liens. It would seem that the other questions presented are minor to this main question.

(a) It is the contention of counsel for the tax collector, first, that the statute of 1939 is to be construed with Code, §§ 55-312, 92-5707, 92-5709, and 92-7701, and counsel calls our attention to *Cook* v. *Wier*, 185 *Ga.* 418, 421 (195 S. E. 740); *Alropa Corp.* v. *Pomerance*, 190 *Ga.* 1, 10 (8 S. E. 2d, 62); *Huntsinger* v. *State*, 200 *Ga.* 127 (36 S. E. 2d, 92), and *Azar* v. *State*, 74 *Ga. App.* 610, 613 (40 S. E. 2d, 590). There seems to be no dispute that these Code sections, all of which were enacted prior to the act of 1939, and these decisions, set forth a clear and undisputed principle of law which was applicable before the act of 1939. The only question is, are they applicable since the passage of the act of 1939?

(b) In the second place, counsel for the tax collector contends that we should, in construing the statute, keep in mind the purpose of the statute. In support of this contention, counsel cites *Hirsch* v. *Shepherd Lumber Corp.*, 194 *Ga.* 113, 115, 116 (20 S. E. 2d, 575), and contends that it was the purpose of the act of 1939 (Code, Ann. Supp., § 37-410) to enact a statute in the nature of limitation for all who claim an interest in the fund, to require them to set up their claims in a definite time in order that the court might disperse the fund and conclude the receivership.

(c) In the third place, counsel for the tax collector contends that the act of 1939 (§ 37-410) was not intended to repeal Code §§ 55-312, 92-5707, and 92-5709. In support of this contention, counsel calls our attention to *Adcock* v. *State*, 60 *Ga. App.* 207 (3 S. E. 2d, 597); *Bennett* v. *Lowry*, 167 *Ga.* 347, 349 (145 S. E. 505); *Atlantic Log & Export Co.* v. *Central of Ga. Ry. Co.*, 171 *Ga.* 175 (155 S. E. 525).

(d) The fourth contention of counsel for the tax collector is that, where a new remedy is created, the old remedies are not destroyed. In support of this contention, counsel cites the case of *Cook* v. *Security Investment Company*, 184 *Ga.* 544, 549 (192 S. E. 179).

(e) The fifth contention of counsel for the tax collector is to the effect that to deprive a lienholder of his lien he must be made

a party to the litigation, and if he resides in the State, there must be personal service; or if he resides beyond the limits of the State, he must be served by publication. To sustain this contention, counsel for the State cites *MacLaughlin* v. *Taylor,* 115 *Ga.* 671 (42 S. E. 30); *Denny* v. *Broadway National Bank,* 118 *Ga.* 221 (44 S. E. 982); *Hewell* v. *Smith,* 175 *Ga.* 879 (166 S. E. 664); also *Anderson* v. *Burson,* 172 *Ga.* 448 (157 S. E. 632).

(f) In the sixth contention, counsel for the tax collector states that, where judicial sales divest the liens from the property and attach the same to the fund received from the sale of the property, this does not apply to tax liens. In support of this contention, counsel cites the case of *State Revenue Commissioner* v. *Rich,* 49 *Ga. App.* 271, 272 (175 S. E. 394). This decision was rendered prior to the passage of the act of 1939.

(g) The seventh contention of counsel for the tax collector is that our courts have repeatedly held that tax liens can not be divested by sale under any other processes. In support of this contention, counsel cites the Code, § 92-5709, and *Empire Cotton Oil Company* v. *Park,* 147 *Ga.* 618 (95 S. E. 216); also *Stokes* v. *State,* 46 *Ga.* 412 (12 Am. R. 588). These decisions were rendered prior to the passage of the act of 1939.

(h) In contention eight, counsel for the tax collector urges that the provisions of the act of 1939 (Code, Ann. Supp., § 37-410) do not apply to the State or county in view of the provisions of the Code, § 102-109.

These are all of the statutes and authorities which the attorney for the tax collector relies on for a reversal of the decision of the court below. We do not deem it necessary to quote from these Code sections or decisions. They all seem to be sound principles of law, but not applicable under the facts of this case. The remainder of the brief of counsel for the tax collector is devoted to an effort to show that the act of 1939 in question and the decisions thereunder are not germane and applicable to the issues in the instant case. Counsel for the tax collector quotes extensively from the statutes and from the decisions above cited. We have not done so because anyone interested may read the sections and the decisions, since we have set out verbatim the agreed statement of facts. We might say here that there was

some defect in the law or else the legislature would not have engaged itself in an effort to cure such evil as then existed. All of the statutes quoted and the decisions in the main pertaining to the main issue were enacted and rendered before the passage of the act of 1939. It is elementary that, in construing the statute and the intent of the legislature, the old law evils and the remedies under the new law must be kept in consideration. Prior to the act of 1939, there was existing a pernicious evil, first, that a receiver could not with any security sell property free of liens, and the estate represented under these circumstances and order of the court could not, at a public sale, sell property for its true value free of liens. No purchaser knew prior to the act of 1939 whether or not such purchaser would purchase property free of liens. In our opinion, this evil prompted the passage of the act of 1939. No one would want to buy property not knowing what liens were against it and whether or not the receiver was an officer of the court. In the second place, prior to the act of 1939, the receiver himself could not be sure of selling property free of liens under the law as it then existed. Therefore, to remedy these two evils, we think that it was the intention of the legislature in passing the act of 1939 to correct them.

■ Under the facts of the instant case, a receiver was appointed in 1942. The tax execution was for the years 1941, 1942, 1943, and 1944. There is no contention here that the provisions of the act of 1939 (Code, Ann. Supp., § 37-410) were not complied with, and the claimant purchased the property free of any liens and without any knowledge that the taxes had not been paid. The tax collector did not intervene. He did not claim any of the funds. The receiver sold the property free of liens to the claimant. He received therefor $9000. After paying all of the claims of which he had knowledge, by order of the court, the receiver turned over the operation to the claimant. From this record the tax collector knew, or should have known, that his tax had not been paid for the years 1941, 1942, 1943, and 1944. The taxes which accrued after the appointment of the receiver were court expense. The law does not provide that tax executions be placed on the general execution docket except where third persons purchase them. The bar order passed by the court, and the ad-

vertisement pursuant thereto, placed the tax collector, so far as the taxes were concerned, as any other lienholder. This is clearly set forth, to our minds, in the case of *Suttles* v. *J. B. Withers Cigar Co.*, 194 *Ga.* 617 (22 S. E. 2d, 129), and *Joel* v. *Joel*, 201 *Ga.* 520 (40 S. E. 2d, 541). To hold otherwise would seem to us to nullify the intention of the legislature in passing the act of 1939. The contentions of the tax collector that, since he did not intervene in compliance with the bar order and the advertisement thereunder, he was not deprived of the right to levy on the property in question, is, we think, untenable.

The court did not err in finding the property not subject.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*