SPARKS, receiver, *v.* LOWNDES COUNTY.

In view of the act of November 11th, 1889 (Acts 1889, p. 31), prescribing that *all* executions for taxes due the State or any county thereof shall bear interest at the rate of seven per cent. per annum from the time fixed by law for issuing the same, tax executions against railroad companies bear that rate of interest, and the law is applicable even as to taxes accruing and becoming due while the property of such companies is in the hands of a receiver. Such interest is not in the nature of a penalty.

March 30, 1896. Argued at the last term.

Intervention.　Before Judge Griggs.　Bibb superior court.　August, 1895.

*Gustin, Guerry & Hall*, for plaintiff in error.

*Park & Gerdine, A. W. Lane, J. L. Hardeman* and *S. A. Reid*, contra.

SIMMONS, Chief Justice.

The Georgia Southern and Florida Railroad was placed in the hands of a receiver by the superior court of Bibb county, and during the years 1891, 1892 and 1893, while in the hands of the receiver, taxes accrued upon the property of the railroad company in Lowndes county, and executions, dated Dec. 21, 1891, Dec. 20, 1892, and Dec. 20, 1893, were issued for taxes due the county for each of these years respectively, with interest from date at seven per cent. per annum.　After the property in the receiver's hands was sold and the proceeds brought into court, a petition by the comptroller-general, for the use of Lowndes county, was filed, in which he alleged that the principal sum of these executions had been paid by the receiver under an order of the court, but that the interest was still unpaid; that there was still in the hands of the receiver a large sum to be used in discharge of liens against the property, and that the claim for interest due on these tax executions constituted a first lien upon this fund; and the petitioner prayed for an order directing the receiver to pay the same.　The receiver demurred to the petition and moved to dismiss it, upon the ground that the fund in his hands as receiver was not liable for interest upon taxes.　The demurrer was overruled, and to this ruling he excepted.

The act approved November 11, 1889 (Acts 1889, p. 31), declares that "all executions issued for taxes due the State or any county thereof, or any municipal corporation therein, . . shall bear interest at the rate of seven per cent. per annum from the time fixed by law for issuing the same." It was contended by counsel for the plaintiff in error, that

when the railroad was taken possession of by the court through its receiver, interest on claims against the railroad company ceased to run; and in support of this contention counsel relies on the case of Thomas *v.* Western Car Company, 149 U. S. 116, where it is said that "as a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate." Even if this is true, we do not think the rule is applicable in this case. This is not a claim arising *ex contractu* or *ex delicto*, but a tax levied by the sovereign power of the State for the benefit of one of the counties thereof, which, in matters of taxation, should be treated as a division of the State government. (*Hawkins* v. *County of Sumter*, 57 *Ga.* 166; *Lingo* v. *Harris*, 73 *Ga.* 28.) The lien of the county for taxes is paramount to all other liens except that of the State itself; and when the State declares that the execution for these taxes shall bear interest from the time the execution is issued, the interest has the same priority of lien that the tax itself has; and the court which seizes the property and puts it in the hands of a receiver for the purpose of administering it, has no power to displace this lien, but it is the duty of the court to recognize it and have it paid in preference to all other claims against the fund in the receiver's hands. Ordinarily it would be the duty of the court to provide for the payment of taxes upon the property in the receiver's hands as the taxes fall due, but if the court should fail to do so, it would not, in our opinion, prevent the interest from running on the executions issued therefor. The State having declared in its sovereign capacity that all executions for taxes shall bear interest, no court has a right to establish an exception which will prevent the running of such interest. Besides, the railroad while in the hands of the receiver and during the period in which these taxes became

due was being operated continuously, and produced income, over and above its running expense, amply sufficient to pay the taxes and the interest thereon; (see *Johnson* v. *Moon, receiver*, 82 *Ga*. 251); and there was no obstacle to their payment, so far as any action of the court itself was concerned, for the order appointing the receiver and directing him to operate the road, directed also that he pay all taxes against the defendant as soon as sufficient funds were in his hands.

It was contended by counsel for the plaintiff in error, that this interest was in the nature of a penalty, and inasmuch as the default of payment of the taxes was not attributable to the railroad company, but to the court or its receiver, a court of equity should not enforce the penalty. We do not think the interest provided for by the act of 1889, *supra*, is to be regarded as a penalty. A penalty is a punishment, and interest is merely a compensation for the use or forbearance of money. (11 Am. & Eng. Enc. of Law, Interest, 379.) In the case of *Atlanta & Florida R. Co.* v. *Wright, comptroller-general*, 87 *Ga*. 487, relied on by counsel for plaintiff in error, there was a penalty of $500. That was a penalty pure and simple. In the other case cited by cousel for the plaintiff in error on this subject (Litchfield *v.* County of Webster, 101 U. S. 773), the statute prescribed that delinquent taxpayers should be charged one per cent. per month for each month during which the tax remained unpaid. This was more than the legal rate of interest, and in the statute itself it was expressly stated to be a "penalty for non-payment." In the statute now under consideration, the seven per cent. required to be paid upon the execution is described as interest, and not as a penalty, and is simply the legal rate of interest which governs in all cases in which another rate is not expressly agreed upon. It follows from what has been said, that the court below did not err in overruling the demurrer.

*Judgment affirmed.*