EMPIRE COTTON OIL COMPANY *v.* PARK, receiver, *et al.*

PER CURIAM.  1. Generally, a sale of property under legal process will not divest the State of its lien for taxes (Civil Code of 1910, § 1141); nor a municipality of its lien for taxes. *Freeman* v. *Atlanta,* 66 *Ga.* 617.

2. Liens upon the property of a corporation in the hands of a receiver, held by strangers to the record, are not divested by the receiver's sale. *Denny* v. *Broadway National Bank,* 118 *Ga.* 221 (2), 223 (44 S. E. 982); *McLaughlin* v. *Taylor,* 115 *Ga.* 671 (42 S. E. 30).

3. It is the duty of a court of equity to direct its receiver to pay the taxes accruing on the property of an insolvent corporation while in the hands of the receiver, upon a timely application for that purpose made by the purchaser of such property at the receiver's sale. Cf. *Dysart* v. *Brown,* 100 *Ga.* 1 (26 S. E. 767); *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (35 S. E. 347).

4. Accordingly, where on the petition of a mortgage creditor all the assets of an insolvent manufacturing corporation were placed in the hands of a receiver in September, 1915, and the receiver, under the direction of the court, held and used them for the benefit of the corporation until June, 1916, at which time all the assets in his hands were sold by

him, a purchaser of such assets was entitled to an order directing the receiver to pay off and discharge the liens for State, county, and municipal taxes which had accrued against the property before the sale of the same by the receiver. The court properly refused to enjoin the enforcement of the tax liens, but such taxes were a part of the legitimate costs of the receivership, and the receiver should have been required to pay them on the prayer of the intervention filed by the purchaser of the property.

> *Judgment reversed. All the Justices concur.*

No. 248. FEBRUARY 13, 1918.

Intervention. Before Judge Worrill. Early superior court. February 2, 1917.

*W. V. Custer,* for plaintiff.

*Glessner & Collins* and *Park & Stone,* for defendants.