STEPHENS, tax-collector, *v.* FIRST NATIONAL BANK OF NEWNAN *et al.*

HILL, J. 1. Liens for taxes due the State or any county thereof cover the property of taxpayers liable to tax from the time fixed by law for the valuation of the same in each year until such taxes are paid. Such liens for taxes are superior to all other liens. A sale of property under execution issued from a court of competent jurisdiction does not divest the lien of the State or county for taxes. *Phœnix Mutual Life Ins. Co.* v. *Appling County,* 164 *Ga.* 861 (139 S. E. 674); *Wilson* v. *Boyd,* 84 *Ga.* 34 (10 S. E. 499); *Planters Warehouse Co.* v. *Simpson,* 164 *Ga.* 190 (138 S. E. 55). The foregoing principles apply in a case where a bank owning realty becomes insolvent and is placed in the hands of the superintendent of banks under the banking act of 1919 (Acts 1919, pp. 154, 155), and the superintendent, in pursuance of an order granted by the judge of the superior court, makes sale of the realty and conveys the same to a purchaser while the lien of the taxes of the bank for the year in which the sale was made remains outstanding. In such case a purchaser from the superintendent of banks will take the property subject to be levied upon and sold for collection of the taxes. Sections 3

and 5 of the said banking act do not prohibit the levy of lawful executions for taxes. See *Empire Cotton Oil Co.* v. *Park*, 147 *Ga.* 618 (95 S. E. 216). Under the facts of this case the sale by the superintendent of banks having been completed, no question was involved as to interference by the levying officer with the possession of the superintendent of banks.

2. The court erred in ordering the dismissal of the levy upon the ground that no legal levy could be made under the facts of the case. The case of *Herrington* v. *Tolbert*, 110 *Ga.* 528 (35 S. E. 687), dealt with a sale by an administrator, with reference to which the Civil Code (1910), § 4029, declares: "Where an administrator sells land under proper order of the court of ordinary, liens thereon are divested and are transferred to the fund."

*Judgment reversed. All the Justices concur.*

No. 6271. MAY 17, 1928.

Claim. Before Judge Roop. Coweta superior court. September 5, 1927.

The tax-collector of Coweta County levied a fi. fa. upon certain property for State and county taxes due by the Moreland Banking Company. The First National Bank of Newnan interposed a claim. The case was submitted to the judge, without the intervention of a jury, on an agreed statement of facts, as follows: "J. A. Stephens, T. C., Coweta County, duly issued, on the 30th day of Dec., 1926, tax fi. fa. against the Moreland Banking Company, a banking corporation of said county, for taxes due the State and county by said bank for year 1926. That said tax fi. fa. was by the deputy sheriff of said county levied upon the land claimed in the above-stated case on April 5, 1927. That prior to issuance of said tax fi. fa. and the levy of same, that T. R. Bennett, Supt. of Banks of the State of Georgia, took possession of the Moreland Banking Company for purpose of liquidating the same under the banking laws of said State, and that notice of said possession was duly posted and given as required by statute, and that the land levied upon and claimed constituted and were a part of the assets of said Moreland Banking Company, which is now in process of liquidation by the Superintendent of Banks. So far as the claimant in this case is concerned, it is admitted for this hearing that the taxes claimed by the plaintiff are due. It is further stipulated that the claimant in this case holds said property by virtue of a deed from the said T. R. Bennett as Sup. of Banks, under an order granted by C. E. Roop, Judge Superior Court of said county, authorizing the sale by said superintendent

of the property covered by said claim, in the process of the liquidation of said Moreland Banking Company. Said deed being dated October 22, 1926, and recorded in Deed Book 25, page 370. The tax fi. fa. and deed are to be taken as part of this agreement."

The judge sustained the claimant's motion to dismiss the levy, being of the opinion that the taxes in question should be paid by the superintendent of banks according to the priorities fixed by the banking act. To this judgment the tax-collector excepted.

*Post & Arnold* and *Charles H. Arnall,* for plaintiff.

*Hall & Jones* and *J. R. Terrell,* for defendants.