BAGGETT, tax-collector, *et al. v.* MOBLEY, superintendent of banks.

No. 7345.   OCTOBER 3, 1930.

*Charles E. Baggett,* for plaintiffs in error.

*Harry L. Taylor* and *Park & Strozier,* contra.

ATKINSON, J. (After stating the foregong facts.) We are of the opinion that the court properly overruled the demurrer. The principal questions in the case are raised by those portions of the demurrer attacking section 19 of the banking laws of this State, as amended by the act approved August 25, 1927, fixing the order and priority of claims (Georgia Laws, 1927, p. 199) against insolvent banks. This part of the act is attacked, first, on the

ground that it is unconstitutional in that it contravenes the provisions of article 7, section 2, paragraph 1, of the constitution of the State, which contains the provision, among others, that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." This ground of attack on the statute in question is without merit. It does not affect the uniformity of taxes in any way. It does not in any way change or make less uniform the rate of taxes fixed upon the same class of subjects, nor does it affect the ad valorem taxes on all property subject to taxes within the territorial limits of the State.

Another attack upon the statute in question is that it contravenes the provisions of the constitution of the State, found in article 7, section 2, paragraph 2, which provides that "The General Assembly may, by law, exempt from taxation all public property; places of religious worship or burial; all institutions of purely public charity; all buildings erected for and used as a college, incorporated academy, or other seminary of learning; the real and personal estate of any public library . . ; all books and philosophical apparatus; and all paintings and statuary of any company or association, kept in a public hall, and not held as merchandise or for purposes of sale or gain: Provided, the property so exempted be not used for purposes of private or corporate profit or income." The act attacked does not violate this paragraph of the constitution. That paragraph relates to exemptions from taxation, and specifies the property that may be exempted; and the answer to the criticism upon the act in question under this provision of the constitution is that the act challenged on the ground that it is unconstitutional does not relate to the subject of exemptions and does not exempt property from taxation. It may render the execution issued by the tax-collector unfruitful, in view of the fact that claims which are given priority may exhaust the property classed among the assets of the bank; but no attempt is made by the statute to exempt the property from taxation.

And the ruling just stated is also applicable to the further attack on the constitutionality of the statute in question, which insists that it is in violation of the constitutional provision that "All laws exempting property from taxation, other than the prop-

erty herein enumerated, shall be void," as contained in article 7, section 2, paragraph 4, of the constitution. It is true that we have a statute declaring that "taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Civil Code, § 1140. This is a general law. But the statute under attack here is also a general law, passed subsequently to the statute last quoted; and the existence of the law contained in § 1140 did not divest the legislature of the power to pass another law fixing the order of priority of other claims relatively to taxes. Thus we see the State yielding the priority of its claim for taxes, in the case of decedents, in favor of the widow and minor children, as well as in favor of claims for funeral expenses and expenses of the last illness, and expenses of administration. Civil Code, § 4000. In that section, year's support for the family is first provided for, and is given priority over taxes due the State or United States; in fact, taxes due the State or United States rank fourth in the order of priority. In an opinion by Judge Lumpkin, of Fulton superior court, adopted as the decision of this court in *Herrington* v. *Tolbert,* 110 *Ga.* 528 (35 S. E. 687), it was said, after quoting section 4000 (then § 3424): "Thus the State in such a case does not claim its first or superior lien, but by its own enactment places its claim for taxes fourth in the order of priority, and municipal taxes do not take that high a rank. The State might have asserted its sovereign right to retain its first lien, but it did not see fit to do so, nor to place the claim for municipal taxes at the head of the list." It was further said: "It is suggested that quite often estates are not large enough to more than pay the funeral expenses and expenses of last sickness, and that the city would lose its tax altogether in such cases. This may have been the very motive which actuated the legislature in making the law. They may have thought that, if the estate were too small to pay for the burial of the head of the house and for the year's support of those he left behind, and also to pay municipal taxes, of the two it were better to let the latter stand aside. It is highly probable that the legislature considered that the payment for the last offices for the dying and the decent burial of the dead was more important than to contribute to a tax fund for the pavement of sidewalks or the laying of Belgian blocks to be trod by the feet of the

living; and that, however important and desirable water-pipes, and schoolhouses, and sewers, and parks might be, bread and clothes for the widow and orphans were even more so." In several cases decided prior and subsequently to the one last cited, the right of a family to a year's support, and its priority over taxes, is recognized.

The rulings stated in headnotes 2 and 3 require no elaboration.

*Judgment affirmed. All the Justices concur.*