22151. STANDARD ACCIDENT INSURANCE COMPANY *v.* LUTHER WILLIAMS BANK & TRUST COMPANY.

JENKINS, P. J.  1. Under the Civil Code (1910), § 1252, State-depository banks are required to give bond "for the faithful performance of all such duties as shall be required of them by the General Assembly or laws of this State," and such bonds "have the same binding force and effect as the bond required by law to be given by State treasurers."

2. Under the Civil Code (1910), § 218, a lien is created in favor of the State, upon the property of the State treasurer, in the amount of the bond required to be given by that official, and upon the property of each of the securities on his bond, to the amount for which they may be severally liable, from the date of the execution of the bond.

3. Under the foregoing sections of the Civil Code, "from the date of the execution of the bond of a State depository the State has a lien on its property for the amount thereof," and "this lien of the State is not limited to such property of the depository as may be reached by levy and sale, but extends to all the property, including choses in' action." *Seay* v. *Bank of Rome*, 66 *Ga.* 609 (2); *Simpson* v. *Mathis*, 79 *Ga.* 159, 161 (3 S. E. 646).

4. Under the banking act of 1919 (Ga. L. 1919, pp. 134, 159), the State asserted its common-law sovereign right of priority in the liquidation of the assets of any and all insolvent banks. The act of 1927 (Ga. L. 1927, pp. 195, 199), omits the provision asserting such common-law sovereign right of the State to priority of payment in the liquidation of insolvent banks. Whether or not, under the rule announced in Cook County National Bank *v.* U. S., 107 U. S. 445 (2 Sup. Ct. 561, 27 L. ed. 537), such omission, when construed in connection with what might be taken as a complete and comprehensive code of laws governing the entire subject-matter of banking, would amount to a relinquishment by the State of its common-law right as the sovereign to priority of payment in the liquidation of the assets of insolvent banks, such is not the question in

832

the instant case, in which the State claims priority by virtue of a statutory lien under the bond required to be given by a State depository, and where the present statute expressly preserves all liens, including the lien arising under the sections of the code cited above, in favor of the State against the property of a depository bank, since the act of 1927, amending the banking act of 1919, expressly provides that "nothing herein contained shall affect the validity of any security or lien held by any person or corporation." Moreover, even had the legislature not expressed its intent not to abolish any existing liens, there is nothing in the present banking law which in any wise tends to indicate the intent and purpose of the State to relinquish its statutory lien under the bond given by the State depository banks.

5. Under the foregoing rulings, since it must be presumed that the defunct State-depository bank had executed the bond required of it by law (*Truluck* v. *Peeples*, 1 *Ga.* 3, 5), and since the plaintiff, as security on such bond, had paid off the claim of the State and received from the proper State officials a transfer and assignment of all the rights of the State as against the defunct bank, and there is no contention that the plaintiff was not subrogated to all the rights of the State as against the defunct bank, the plaintiff was entitled to have its lien recognized and given force and effect by the superintendent of banks in the liquidation of the assets of the defunct bank. The court erred in sustaining the general demurrer.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 14, 1932.

*Little, Powell, Reid & Goldstein,* for plaintiff.
*Park & Strozier,* for defendant.