GORMLEY, superintendent of banks, *v.* ASKEW *et al.*

No. 9119.   JANUARY 10, 1933.

*E. T. Moon,* for plaintiff.   *L. L. Meadors,* for defendants.

RUSSELL, C. J.   (After stating the foregoing facts.)   Counsel for plaintiff in error says:   "There are but two issues in this case: First, can property in possession of the liquidating agent of a bank be levied upon?   Second, which is the superior lien against the assets of the bank, the tax executions or the claims of the depositors?"   The first question must be answered in the negative. This court held, in *Felton* v. *McArthur,* 173 *Ga.* 465 (4) (160 S. E. 419) :   "Equity will enjoin the tax-collector and sheriff from trying to enforce by levy and sale the collection of tax fi. fas. against an insolvent bank when so taken over by the superintendent of banks for liquidation."   To the second question it must be replied that under the provisions of the act of 1927 (Ga. L. 1927, p. 199), amending the banking act, the claims of depositors are superior to tax executions.   By this amending act "the depositors in such banks are entitled to payment out of the assets of insolvent banks in preference to the claims of the State for taxes due by such banks to it."   *Felton* v. *McArthur,* supra.   If, in the administration of the assets of an insolvent bank, the superintendent of banks comes into the possession of deeds given to the bank, which convey the title to land therein described to the bank (leaving the debtor to

the bank the owner of a mere equity in the premises conveyed), the State's waiver of its right to first collect its taxes, as embodied in the amending act of 1927, supra, naturally extends so as to include such taxes as are a liability upon the assets in the hands of the superintendent of banks. As pointed out by Judge Hines in *Felton* v. *McArthur,* it was in the power of the General Assembly, as a matter of public policy, to supersede the old law in favor of the sovereign, the State, by dealing with the banking business as a new and distinct classification or new class, in so far as it is affected by the subject of taxes. Very plainly, the purpose of the act was to protect and enlarge the rights of depositors in banks which should become insolvent, by exempting the assets of the bank from which the depositors must be paid from the payment of taxes, which might tend to diminish the fund from which depositors must be paid. In this view of the matter, we are of the opinion that it was the intention of the legislature, not only to leave the superintendent of banks, the statutory receiver, unhampered in the exercise of his powers by the levy of executions upon the assets in his hands in a physical sense, but also such assets as he would be entitled, by reason of his paramount possession, to reduce to cash in order to pay the depositors. It is a fact so well known as to be within judicial cognizance that the assets of State banks consist very largely of debts secured by deeds to land. The legislature must be presumed to have had this in mind at the time of the passage of the act of 1927, and it was very plainly the intention of the General Assembly to safeguard first of all the rights of the depositors, and to increase the assets from which the depositors must receive their payments, rather than to subject them to diminution. With this purpose in view, there would have been but little reason for relieving the bank from the payment of taxes on the small amount of its assets which might be subject to taxes, and yet at the same time have left a much larger amount of assets to be consumed in litigation and the payment of the taxes upon property of its debtors. Paragraph 2 of section 19 of the act of 1927 says: "Debts due for taxes, State and Federal." We know of no law which requires the payment of taxes by a bank upon land to which it holds title as security for a loan. The general rule is that taxes are payable by the holder in possession thereof, even though he has only an equitable title. Until a bank becomes insolvent and is taken over by the superintendent of

banks, there are many instances in which a bank (for the protection of its interest) may well pay the taxes on land to which it holds title as security for a debt, but under our banking law there is no provision which will curtail the benefits which the General Assembly attempted to confer upon depositors by making their claims payable ahead of all others, and which will require, in effect, that the bank shall pay taxes of its debtors who may owe taxes. As held by Justice Hines, speaking for this court in *Felton* v. *McArthur*, supra, the well-established doctrine that the tax binds the property, and that taxes assessed against the property must be paid, at all events, was superseded by the act of 1927, supra. For these reasons, we think the court erred in not granting the injunction prayed for, and in failing to cancel the deed under which Askew bought in the property.

*Judgment reversed. All the Justices concur, except Hill and Bell, JJ., who dissent.*