23100.   THARPE, tax-collector, *v.* GORMLEY, superintendent of banks.

DECIDED FEBRUARY 16, 1934.

*W. H. Harris, C. L. Shepard,* for plaintiff.
*Park & Strozier,* for defendant.

STEPHENS, J. T. E. Tharpe, as the tax-collector of Peach county, brought suit in the superior court of that county, against W. J. Davis, as acting superintendent of banks, and alleged in the petition as amended that there was due as State and county taxes on real estate and personal property in the possession of the defendant as assets of the City Bank of Fort Valley, an insolvent bank which the defendant had taken over for liquidation, in the sum of $994.50, that the taxes had accrued for the year 1929, and after the bank had been taken over for liquidation in 1928, and that the taxes constituted expenses of liquidation of the bank, that the defendant had sufficient funds with which to pay the taxes, but refused to pay the same after a demand for payment had been made of him. The plaintiff prayed that the defendant be directed to pay over to the plaintiff, as an amount due for taxes, the sum sued for. A general demurrer to the petition as amended was sustained, and the plaintiff excepts. The bill of exceptions was transmitted to the Supreme Court, but was transferred by that court to the Court of Appeals, and was submitted to this court on April 13, 1933.

As provided in the amendment of 1927 to the banking act (Ga. L. 1927, p. 195, § 19), the "expenses of liquidation" of an insolvent bank, including compensations of agents and attorneys, and the payment of unremitted collections, shall have priority over "debts due by insolvent banks" which are as follows, payable in the order indicated: "(1) debts due depositors, (2) debts due for taxes, State and Federal, (3) judgments, (4) contractual obligations, [and] (5) unliquidated claims for damages and the like." The "debts due for taxes," mentioned in the act, are taxes due by "insolvent banks." They are manifestly debts due by the bank before it was taken over for liquidation, and are not debts which are created and which arise after the bank has been taken over for liquidation. Being such, they are, as provided in the act, subordinate in order of payment, to debts due depositors, and to expenses of liquidation.

There is nothing in the banking act as amended, or elsewhere, absolving the property of a bank or its assets from taxes accruing after the bank has been taken over by the superintendent of banks for liquidation. The constitution of this State, in article 7, section 2, paragraph 4 (Civil Code of 1910, § 6556), provides that "all laws exempting property from taxation, other than the property herein

enumerated, shall be void." The exceptions referred to are contained in paragraph 2 of this article and section of the constitution, and do not include taxes of the character of taxes accruing against the property or assets of a bank after it has been taken over by the superintendent of banks for liquidation. The property and assets of a bank which are in the possession of the superintendent of banks for the purpose of liquidation are not exempt from taxation. The decisions of the Supreme Court in *Baggett* v. *Mobley,* 171 *Ga.* 268 (155 S. E. 334), and *Felton* v. *McArthur,* 173 *Ga.* 465 (160 S. E. 419) do not hold to the contrary. In both of these cases it was held that the assets of the bank in the hands of the superintendent of banks, who held them for the purpose of liquidation, were not subject to interference by levy and sale under an execution for taxes. In neither of these cases was it held that the property and assets of a bank are not subject to taxation after the bank has been taken over for liquidation. In *Gormley* v. *Askew,* 176 *Ga.* 210 (167 S. E. 600), there is nothing that holds that property and assets of a bank, after it has been taken over for liquidation, are not subject to taxation. See *Collier* v. *Gormley,* 178 *Ga.* 142 (172 S. E. 340), which overrules *Gormley* v. *Askew,* supra.

Since taxes accruing against the property and assets of a bank after it has been taken over for liquidation are not debts "due by insolvent banks," they must of necessity, if due and payable, be classified as "expenses of liquidation," and as such supersede and have priority of payment, as provided in section 19 of the act of 1927, over all debts created by the bank before it was taken over for liquidation, as any other claims against the assets of the bank.

While the banking act, and particularly section 19 of the amendment of 1927 thereto, which fixes the order of payments out of the assets of the bank, after it has been taken over for liquidation, contains no express provision that taxes accruing against the property and assets of a bank after it has been taken over for liquidation are "expenses of liquidation," the superintendent of banks is to all intents and purposes a receiver provided for by statute, whose duties are to administer, in conformity to statutory regulations, to all intents and purposes as a receiver, the assets of insolvent banks. He has been defined as a "statutory receiver." *Bennett* v. *Green,* 156 *Ga.* 572 (119 S. E. 620) ; *McCaskill* v. *Chattahoochee Fertilizer Co.,* 167 *Ga.* 802, 807 (146 S. E. 830) ; *Baggett* v. *Mobley,* 171 *Ga.* 268,

supra; *Felton* v. *McArthur,* supra; *Macon Grocery Co.* v. *Mobley,* 174 *Ga.* 185, 188 (162 S. E. 711). Therefore the liquidation of an insolvent bank by the superintendent of banks is analagous to the liquidation of the assets of any insolvent debtor by a receiver appointed by a court of equity. In both cases the assets are administered for the benefit of the creditors, and the rules and regulations of administration applicable to a receivership are not inapplicable to the administration of the assets of a bank by the superintendent of banks, unless in conflict with the provisions of the banking act and amendments thereto. Taxes accruing against property of an insolvent debtor while in the hands of a receiver for administration are regarded as expenses of the administration, and have priority of payment over debts due by the insolvent debtor accruing prior to the receivership. *Dysart* v. *Brown,* 100 *Ga.* 1 (26 S. E. 767); *Empire Cotton-Oil Co.* v. *Park,* 147 *Ga.* 618 (3) (95 S. E. 216); *Kelley* v. *Collins &c. Railroad Co.,* 154 *Ga.* 698 (2) (115 S. E. 67); *Kelley* v. *Collins &c. Railroad Co.,* 159 *Ga.* 550 (126 S. E. 373); Union Trust Co. *v.* Great Eastern Lumber Co., 248 Fed. 46 (3); MacGregor *v.* Johnson, 39 Fed. (2d) 574; Hammond *v.* Carthage, 8 Fed. (2d) 35; Wolf *v.* DeWolf, 53 Fed. (2d) 999; Moore *v.* Kernachan, 133 Va. 206 (112 S. E. 632, 636); Hamber *v.* Shiawassee, 227 Mich. 235 (198 N. W. 964, 965); Cooley on Taxation, § 1103. It is the duty of a court of equity having jurisdiction over a receivership to direct the payment of taxes accruing during the receivership out of the assets of the receivership, where the assets are sufficient for the payment of the taxes. *Dysart* v. *Brown,* supra; *Empire Cotton-Oil Co.* v. *Park,* supra.

There is nothing in the banking act or the amendments thereto that demands a construction that taxes due on property or assets of the bank accruing after the bank has been taken over for liquidation are not "expenses of liquidation." They should be regarded as expenses of liquidation; and, as such, they supersede in priority of payment all claims. Where the superintendent of banks has assets sufficient to pay them, they should be paid.

While, as provided in the banking act, the assets of the insolvent bank in the possession of the superintendent of banks for liquidation are not subject to attachment or other legal proceedings, and his possession thereof can not be interfered with by seizure or levy and sale, a disposal thereof by direction of the court, as is prayed

for here, is not such an interference as is contemplated by the act.

The petition as amended set out a cause of action. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed.* *Jenkins, P. J., and Sutton, J., concur.*