GORMLEY, superintendent of banks, *et al. v.* TROUP
COUNTY *et al.*

No. 9537. FEBRUARY 24, 1934.

*M. U. Mooty* and *R. W. Marlin,* for plaintiff.
*Henry Reeves* and *L. L. Meadors,* for defendants.

BECK, P. J. Troup County filed its petition against Gormley, State superintendent of banks, setting up substantially the following cause of action: The LaGrange Banking and Trust Company is a banking corporation organized under the laws of the State of Georgia. R. E. Gormley is superintendent of banks. N. R. Henderson is in charge of the named bank as liquidating agent. The bank closed April 29, 1931, and went into liquidation. On or about October 1, 1931, the county filed its claim for preference on this account in the sum of $60,794.55. At the time the bank closed Troup County had on deposit in the bank the sum just stated. The proofs required by law were filed by the superintendent of banks, claiming priority for this money. The county claims that it is entitled to payment in full and a priority classification by reason of the fact that Troup County had and has a general depository lien. The superintendent of banks rejected the claim of priority. The case was submitted on the pleadings and an agreed statement of facts, to the judge, who held as follows: " (a) That the plaintiff is entitled to priority payment and priority classification for the amount of $45,595.91, under and by virtue of its statutory lien, as above stated, against all the assets of the LaGrange Banking and Trust Company as county depository. . . (b) That the said defendants are permanently enjoined from paying out any funds of said bank pending payment of this decree, except as to payment of debts due the State of Georgia, expenses of liquidation, compensa-

tion of agents and attorneys, and amounts due on unremitted collections." To this judgment the superintendent of banks excepted.

The county claims a lien as against the LaGrange Banking and Trust Company and all of its assets, by reason of the fact that under an act of the legislature approved August 20, 1927 (Georgia Laws 1927, p. 700), the office of treasurer of Troup County was abolished and a county depository created in lieu thereof. The county contends also that the act abolishing the office of treasurer of Troup County and creating depositories provided, among other matters, that the county should have a lien against the depository for the funds deposited with it just as the county would have against a county treasurer. If this contention is true, then the judgment of the court below was correct, unless the law referred to is unconstitutional. But we can not agree to the contention last stated; for if the act to abolish the office of treasurer of Troup County and to provide for the designation of a depository creates a lien, as contended by the county, the words creating such a lien must be found in section 9 of that act, which is in the following language: "Be it further enacted by the authority aforesaid, that said depositories and disbursing agent as provided for in this act shall be liable both civilly and criminally, just as county treasurers are liable for any nonfeasance or malfeasance of duty, and that said county authorities shall have the right to proceed against said depositories or the securities on their bonds, as said treasurer may now be proceeded against in the case of nonfeasance or malfeasance in the conduct of the affairs of his office." We are of the opinion that this section does not have the effect of creating a lien in favor of the county. It does make the depositories liable, both civilly and criminally, just as county treasurers are liable, for nonfeasance or malfeasance of duty; and it does provide that the county authorities have the right to proceed against the depositories or their securities on their bonds as treasurers may be proceeded against in the case of nonfeasance or malfeasance in the conduct of the affairs of the office. It preserves the procedure that was of force as against treasurers, but it does not create a lien; and under no other section can it be claimed that a lien was created in favor of the county.

But it is further insisted that if the act of 1927 abolishing the office of treasurer and creating depositories is unconstitutional,

or for any other reason is not a valid law, a lien in favor of the county as against the bank and its property is fixed by the Civil Code, § 572. That section is in the following language: "When any official bond is executed by any county treasurer, or any person acting as such, the property of said treasurer, or any person so acting, as well as the security or securities on said bond, shall be bound from the time of the execution thereof, for the payment of any and all liability arising from the breach of said bond." Conceding that this section creates a lien, it does not fix the priority of such a lien in this case; for under the express terms of an act of the General Assembly approved August 25, 1927 (Georgia Laws 1927, p. 195), entitled "An act to amend an act entitled 'An act to regulate banking in the State of Georgia,'" there is a provision which fixes absolutely the order of paying off debts due by insolvent banks, to wit, section 5, amending section 19 of article 7 of the act of 1919 (Georgia Laws 1919, p. 135), and that order is as follows: (1) Debts due depositors. (2) Debts due for taxes, State and Federal. (3) Judgments. (4) Contractual obligations. (5) Unliquidated claims for damages and the like. And in the present case the money was deposited by the county to its checking account, just as other depositors. This case differs in its facts from the case of *Gormley* v. *Troup County*, ante, 439, wherein it was held that the deposit made in that case was a trust fund; for it is expressly conceded here that the funds of the county were deposited to the credit of its checking account. It must be held, therefore, that the order of paying off debts must be that provided in the section of the act of 1927, set forth above. So far as the decision in *Standard Accident Insurance Co.* v. *Luther Williams Banking & Trust Co.*, 45 *Ga. App.* 831 (166 S. E. 260), may conflict with what is ruled above, that decision is not approved. See *Troup County Board of Health* v. *Gormley*, post, 449.

In view of this ruling it is unnecessary to pass upon the questions as to the constitutionality of the act of 1927, abolishing the office of county treasurer of Troup County and authorizing the designation of depositories.

*Judgment reversed. All the Justices concur.*