24292. STANDARD ACCIDENT INSURANCE COMPANY *v.* LUTHER WILLIAMS BANK AND TRUST COMPANY *et al.*

MacINTYRE, J. This case has been in this court before. *Standard Accident Ins. Co.* v. *Luther Williams Bank &c. Co.*, 45 *Ga. App.* 831 (166 S. E. 260). The Luther Williams Bank and Trust Company became insolvent, and its assets were taken over by the superintendent of banks for liquidation. This bank was at the time a State depository, and had

given bond with the above-named plaintiff insurance company as surety, as required by law. Upon the closing of the bank with a large amount of State funds on deposit therein, such surety paid to the State the full amount of these funds. The State assigned to the surety all its right and interest in and to such deposit. Thereafter the City Bank & Trust Company, with approval of the superintendent of banks, entered into a contract and purchased all the assets and liabilities of the insolvent bank, agreeing to pay in full all claims entitled to priority and a certain percentage of general deposits. A claim for the deposit of State money as being entitled to priority was duly filed with the superintendent of banks, and he declined the same, and this court held that the State held a prior lien and that such claim was entitled to priority. See 45 *Ga. App.* 831, supra. Before the remittitur of this court was made the judgment of the lower court the plaintiff amended its petition, setting up that the principal amount of the deposit was paid to it, without prejudice, but that it was entitled to interest on the deposit from the date of the insolvency of the defendant bank, and praying that the City Bank and Trust Company be made a party defendant and be required to pay to the plaintiff interest on the deposit from the date of the insolvency of the defunct bank at the legal rate. Plaintiff's petition, as amended, was dismissed on demurrer, and the plaintiff excepted. *Held:*

1. It was adjudicated in this case when it was formerly before this court that State funds deposited by the State treasurer in the State depository were, prior to 1933, upon the insolvency of such bank and the taking over of its assets by the superintendent of banks for liquidation, entitled, by virtue of a statutory lien, to priority over the general depositors and all other creditors, and that the State was entitled to have its lien recognized and given force and effect by the superintendent of banks in the liquidation of assets of the defunct bank. *Standard Accident Ins. Co. v. Luther Williams Bank &c. Co.*, supra. This became the law of the case. See, however, *Gormley* v. *Troup County*, 178 *Ga.* 446 (173 S. E. 672). In this case, where a bank is taken over by the superintendent of banks, deposits therein, or any other debts due by the insolvent bank, do not bear interest from the date of the insolvency thereof until they are paid, and the liquidating agent thereof, or the corporation that has purchased the assets and liabilities of the defunct bank, would not ordinarily be liable to pay over to the State of Georgia, or to one subrogated to its rights by having been surety on the bond given by the insolvent bank as a State depository and having paid to the State the amount of its deposit in such bank in full, interest on such deposit, even though under the law the payment of such funds is declared prior to all other debts of the defunct bank, unless there was an agreement or contract between the State and such depository that the funds of the State deposited therein should bear interest. *Central Bank & Trust Cor.* v. *State*, 139 *Ga.* 54 (76 S. E. 587); *Lamar* v. *Taylor*, 141 *Ga.* 227 (7), 239 (80 S. E. 1085); *Macon Grocery Co.* v. *Mobley*, 174 *Ga.* 185 (162 S. E. 711). In *Central Bank & Trust Cor.* v. *State*, supra, there was a contract to pay interest on the deposit. See also notes in L. R. A. 1918E, 680; 42 A. L. R. 1297.

(a) This case is in this court on demurrer, and it does not appear from

the bond given by the depository that interest was to be paid on the State funds deposited therein. Nor is there any contract set out between the State and such depository for the payment of interest on State funds. The petition in this case will not be construed on general demurrer as alleging that there was any agreement between the depository and the State to pay interest on this deposit.

(b) Assuming that an express contract for payment of interest would make the interest a part of the debt, there was no such contract in this case, nor is there any contention that the funds in the hands of the receiver produced interest.

(c) When a debtor becomes insolvent and his affairs are placed in the hands of a receiver for liquidation, it is just to all of his creditors, regardless of the rank of their claims, that the amounts of their debts shall be calculated as of the date of the suspension. The object of an insolvency proceeding is liquidation. The debtor being insolvent, and the amount of the estate not being equal to the amount of his debts, there is not a sufficiency of assets to pay all of the creditors, and it would be unjust and inequitable to take from one creditor, who receives no interest, money to pay interest to another. *Macon Grocery Co.* v. *Mobley,* supra.

2. The fact that the assets and liabilities of such insolvent bank had been purchased by the defendant City Bank & Trust Company, under a contract in which it was provided that the purchasing bank agreed to pay in full all claims or debts of the depository bank entitled to priority, and a certain percentage on general. deposits, did not make the purchasing bank liable to pay interest, if the depository bank was not liable therefor, on such State deposit of funds from the date of insolvency.

3. Applying the above rulings to the petition in this case, as amended, it not appearing that there was any contract to pay interest on the deposit of State funds by this bank before it became insolvent, and it appearing from the petition as amended that the plaintiff had been paid the principal amount of such deposit, and that the plaintiff had only paid to the State as such surety on the depository bond the principal amount of such deposit, the plaintiff was not entitled to recover interest on such deposit after the insolvency of such bank, and the trial judge properly dismissed plaintiff's petition, as amended, on general demurrer. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED AUGUST 7, 1935.

*Little, Powell, Reid & Goldstein, Frederick Solomon, Charles H. Garrett,* for plaintiff.

*Park & Strozier, Jones Johnston, Russell & Sparks,* for defendants.