25942. THARPE, tax-collector, *v.* GORMLEY, superintendent of banks.

DECIDED JANUARY 22, 1937.

*W. H. Harris, C. L. Shepard,* for plaintiff.
*Park & Strozier,* for defendant.

GUERRY, J. T. E. Tharpe, tax-collector of Peach County, Georgia, filed a petition against R. E. Gormley, superintendent of banks, as statutory receiver of the Citizens Bank of Fort Valley, Georgia, asking for an order directing the defendant to pay over to him as tax-collector $1086.70, with interest thereon, for State and county taxes accruing during receivership for the year 1929

and while defendant was in possession of the assets of such bank for the purpose of liquidation. It was alleged that the superintendent of banks, while in charge of the property of such closed bank, collected in rents on such property during the year 1929 a sum greatly in excess of the taxes claimed. A demurrer to this action was sustained and on appeal to this court it was held that taxes accruing during the administration of the affairs of such institution by the superintendent of banks do not constitute "a debt due for taxes by an insolvent bank," but they constitute "an expense of liquidation," as provided by the banking act, and as such are superior to all claims against the assets of the bank. See *Tharpe* v. *Gormley*, 48 *Ga. App.* 731 (173 S. E. 212). When the case went back for trial the facts were admitted, and the judge passed an order directing the superintendent of banks to pay the principal amount of the taxes due, without interest. The question to be decided on this writ of error is whether the judge erred in failing to allow interest. The plaintiff insists that, since tax executions bear interest, interest should have been allowed, and that this question has been adjudicated by the former decision of this court. The question decided when the case was formerly before this court was that taxes which accrue against a bank while in the hands of the superintendent of banks are to be treated as "expenses of liquidation," and as such have priority over claims of depositors and other creditors. Under the Code, § 13-821, depositors in banks taken over by the superintendent of banks are preferred creditors as to taxes accrued before the time such superintendent took possession. See *Baggett* v. *Mobley*, 171 *Ga.* 268 (155 S. E. 334); *Felton* v. *McArthur*, 173 *Ga.* 465 (160 S. E. 419). Before the act of 1927 (Ga. L. 1927, p. 199, Code, § 13-821), supra, "the lien of the county for taxes is paramount to all other liens except that of the State itself; and when the State declares that the execution for these taxes shall bear interest from the time the execution is issued, the interest has the same priority of lien that the tax itself has; and the court which seizes the property and puts it in the hands of a receiver for the purpose of administering it has no power to displace this lien, but it is the duty of the court to recognize it and have it paid in preference to all other claims against the fund in the receiver's hands." *Sparks* v. *Lowdnes County*, 98 *Ga.* 284 (25 S. E. 426). However, this is no longer true. Taxes

182

which accrue against the property while in the hands of the super-intendant of banks, except as they are under the former decision of this court treated as "expenses of liquidation," would not take priority over the claims of depositors in such bank. If they take priority because they become a part of the expenses of liquidation, and not because of their character as taxes, they become subject to the same rules in respect to interest as any other claim for an expense of liquidation; and the general rule, that "after property of an insolvent passes into the hands of a receiver or assignee in insolvency, interest is not allowed on the claims against its funds" (Thomas v. Western Car Co., 149 U. S. 95, 116, 13 Sup. Ct. 824, 37 L. ed. 663), takes effect. As the learned trial judge said in his opinion: "When these taxes are paid out ahead of the claims of depositors they outrank the depositors, not because they are taxes, but because, under the decision of the Court of Appeals [*Tharpe v. Gormley,* supra], . . the taxes for these particular years possess a quality not found in taxes for other years; that is, the tax accrued during liquidation of the bank are also expenses of administration, in that the governmental protection of person and property have assisted the court. But to put the taxes for these particular years in this special class requires the signing of this present order of the court; and until the court adjudges that these taxes for these years possess this additional quality which gives them priority over depositors, they are simply taxes without such priority. And after the signing of this order, if it becomes necessary to enforce it by process, the proceeding would not be a levy of the tax fi. fas., but a contempt proceeding . . for failure to obey the ruling of the court, or a new fi. fa. based upon this judgment." The right to payment in this case being based on its quality as an expense of administration, and not on its character as a tax fi. fa., interest is not demandable, and the court was correct in so ruling. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*